**STATE TRUST CO. v. MORRISON et al.**
(No. 804–4465.)

(Commission of Appeals of Texas, Section A.
April 14, 1926.)

**I. Mechanics' liens ⬥199—Vendor's lien on homestead held superior to lien by virtue of contract to secure payment for paving abutting street (Const. art. 16, §§ 37, 50; Rev. St. 1911, art. 5628).**

Vendor's lien on homestead *held* superior to lien to secure payment for paving abutting street, since latter was not created under Const. art. 16, § 37, providing for mechanics' liens, but by contract under section 50 providing for liens on homesteads, and was not made superior to vendor's lien by Rev. St. 1911, art. 5628.

**2. Mechanics' liens ⬥180—Contractor, taking lien on homestead to secure payment for paving abutting street, held not to have separate lien on pavement which could be foreclosed against property owners.**

Contractor, taking lien on homestead to secure payment for paving abutting street, *held* not to have separate lien on pavement which could be foreclosed against property owners, since pavement was constructed pursuant to agreement with city in street over which city had exclusive control.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by the State Trust Company against William G. Morrison and others. From an adverse judgment, defendants appealed to the Court of Civil Appeals, which reversed the judgment of the trial court (274 S. W. 341), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.

Davenport, Cummings & Crain, of Wichita Falls, and E. G. Thornton, of Archer City, for plaintiff in error.

E. M. Mann, of Wichita Falls, for defendants in error.

BISHOP, J. On February 16, 1920, Walter Salm purchased a lot with a residence and other improvements thereon in the city of Wichita Falls. As part of the purchase price for said property he executed his two promissory notes for the sum of $2,750 each. A vendor's lien was retained in the deed to him to secure the payment of the notes, and he and his family resided on the lot, which was their homestead, from the date of purchase until January 1, 1924. On March 10, 1923, he and his wife executed a contract with the Plains Paving Company, a copartnership composed of William G. Morrison and J. P. Coleman. This contract was acknowledged by Salm and wife as required by law and provided for the laying and constructing of paving on the street abutting said property by said paving company, for which Salm and his wife agreed to pay the sum of $416.34. It also provided for a lien on said property to secure the payment of said sum. The pavement was constructed and laid by Morrison and Coleman in accordance with their contract.

The value of the lot just prior to the construction of the pavement was $4,600. Its value after the construction of the pavement, including the street improvements and pavement, was $5,016.34. The value of the street improvements and pavement was $416.34. The value of the property was increased in

---

the sum of $416.34 by reason of the pavement. The street improvement is of a permanent character, and cannot be removed without destroying the pavement, and cannot be removed without impairing and damaging the street improvements and the balance of the property.

The plaintiff in error, State Trust Company, the owner and holder of the promissory notes, filed this suit against Salm and his wife to recover the amount due on the notes and to foreclose its vendor's lien on the property, making Morrison and Coleman party defendants. On the trial the district court rendered judgment for plaintiff in error for the full amount of its notes, foreclosing the vendor's lien. It also rendered judgment in favor of Morrison and Coleman for the amount due them by Salm and wife under the paving contract with foreclosure of their contract lien. It was ordered that the property be sold, that the judgment in favor of plaintiff in error be first satisfied in full from the proceeds of sale, and that any excess should be applied to the satisfaction of the judgment in favor of Morrison and Coleman.

On appeal the Court of Civil Appeals held that the Constitution itself creates a lien in favor of defendants in error Morrison and Coleman, and that under the pleadings and evidence the trial court should have applied equitable rules as was done in the case of Land Mortgage Bank of Texas v. Quanah Hotel Co., 34 S. W. 730, 89 Tex. 332. It reversed the judgment of the district court and rendered judgment in favor of both the plaintiff in error and defendants in error for the amounts claimed by them against Salm and wife, foreclosing both liens and directing that, if said land and premises should not sell for enough to pay off and settle both liens, the proceeds of sale should be paid to them in proportion to the amount of their respective judgments.

[1] Article 16, § 37, of the Constitution, provides:

"Mechanics, artisans and materialmen, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

As the lot involved in this suit was the homestead of Salm and wife at the time the street was paved, this constitutional provision did not create a lien on the pavement. Article 16, § 50, of the Constitution, provides the manner in which a lien for work and material used in the construction of improvements upon a homestead shall be created. It requires that a contract for such work and material shall be in writing "with the consent of the wife given in the same manner as is required in making sale and conveyance of the homestead." Such lien can be created only by the husband and wife in this manner.

It is a voluntary lien, and cannot be imposed by statutory enactment. In this case the lien on the homestead was created by defendant and his wife in the manner prescribed by the Constitution and statute enacted pursuant thereto. The mechanic's lien contract was upon the lot, and did not purport to give a separate lien upon the pavement placed on the street.

Article 5628, R. C. S. 1911, providing that "the lien herein provided for shall attach to the house, building, improvements or railroad for which they were furnished, or the work was done, in preference to any prior lien or incumbrance or mortgage upon the land upon which the houses, buildings or improvements, or railroad, have been put, or labor performed, and the person enforcing the same may have such house, building or improvement, or any piece of the railroad property, sold separately; provided, any lien, incumbrance or mortgage on the land or improvement at the time of the inception of the lien herein provided for shall not be affected thereby, and holders of such liens need not be made parties in suits to foreclose liens herein provided for," did not have the effect to create and give superiority to a separate lien on the pavement. The mechanic's lien contract imposed a lien upon the same property as the vendor's lien, which was a prior and superior lien, and was not, on foreclosure, entitled to be given the force and effect allowed by the judgment of the Court of Civil Appeals. Creosoted Wood Block Pavement Co. v. McKay (Tex. Civ. App.) 211 S. W. 822; Id. (Tex. Civ. App.) 241 S. W. 549.

In the case of Land Mortgage Bank v. Quanah Hotel Co., supra,, the question of homestead was not involved and the court held that the provision of article 5628 gave to the mechanic's lien on the building constructed priority over the existing incumbrance of the vendor's lien on the lots. This article, however, has reference to liens created by law, and not to voluntary liens created by contract only, and, for this reason, does not give to the lien of defendants in error priority over the vendor's lien.

[2] We are also of opinion that Morrison and Coleman have no separate lien on the pavement which could be foreclosed in a suit against Salm and wife for the reason that the pavement was constructed pursuant to an agreement with the city of Wichita Falls, under which the city, having by ordinance assessed the costs of construction against Salm and the property, issued to Morrison and Coleman its certificate. The pavement was an improvement placed on the street, which belonged to the state, and over which the city had exclusive control. Being part of the public easement, it was not susceptible of sale by Salm and his wife, and could not be sold under judgment of foreclosure against them. Article 5628 does not have the effect to give a superior lien on the property as

against Salm and wife, and would not have this effect if the lot was not their homestead.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.