## FULLER CONSTRUCTION CO. v. HUDSON.
### (No. 7278.)

Court of Civil Appeals of Texas. Austin.
Nov. 7, 1928.

W. H. Graham, of Pecos, for appellant.
John C. Read, of Dallas, for appellee.

BLAIR, J. By deed appellee conveyed the property involved in this suit to C. W. Burney, retaining a vendor's lien to secure a $3,-

700 purchase-money note, which was also secured by a deed of trust containing the usual power of sale clause. After Burney purchased the property, he used it as a homestead. Thereafter he and his wife executed to appellant a mechanic's lien on their said homestead to secure the payment of his share of the costs of paving the street in front of and abutting thereon. Still later, and in default of payment of the $3,700 purchase-money note by Burney, appellee caused the property to be sold under the power granted in the deed of trust, and purchased the property at the trustee's sale. He then brought this suit to remove the cloud from title created by the filing and recording of appellant's aforementioned mechanic's lien, and recovered judgment removing the cloud. By this appeal appellant attacks that judgment upon the following grounds:

1. That a holder of a vendor's lien note cannot claim the homestead character of the property in a suit like this, but the owner only may claim that exemption. The contention is not sustained. In the case of State Trust Co. v. Morrison (Tex. Com. App.) 282 S. W. 214, which is identical in point of fact with this case, it is held (a) that a vendor's lien on a homestead is superior to a mechanic's lien executed to secure the payment of owner's share of costs of paving abutting street; (b) that such mechanic's lien is not created under section 37 of article 16 of the Constitution, providing for mechanic's, materialmen's, etc., liens, but by contract under section 50 of said article, providing for liens by contract on homesteads; and (c) that the statutory lien created by article 5459, R. S. 1925, providing priority of a lien on property to secure costs of paving abutting street, does not apply to homestead property, and is not superior to an existing lien on the homestead, since such a lien on a homestead cannot be created by the statute, but only by contract under our Constitution.

In view of this decision and of the facts here, appellant's rights under its mechanic's lien contract are merely the rights of a junior or inferior lienholder. That being true, the contention that appellee could not assert the homestead character of the property to protect his existing and superior lien thereon is without merit. Certainly a holder of a valid vendor's lien on a homestead may assert the homestead character of the property, in order to show that a mechanic's lien thereafter created by contract is junior and inferior, and also for the purpose of showing that no rights have accrued under the mechanic's lien which would affect the superiority of the existing vendor's lien on the homestead property.

2. Appellant further contends that it should have been given personal notice of the sale of the property under the deed of trust. We do not sustain the contention. Appellant also makes some claim of irregularity as to posting notices, but the record clearly shows that legal notices of the sale under the power granted in the deed of trust were posted and that the sale was legal and regular in all respects. It is the settled law in Texas that inferior or junior lienholders and the owners of real estate are not entitled to personal notice of foreclosure under the power of sale contained in the deed of trust securing a superior lien. McCullough v. Hurt (Tex. Civ. App.) 175 S. W. 781; Morris v. Simmons (Tex. Civ. App.) 138 S. W. 800; Georgi v. Juergen (Tex. Civ. App.) 66 S. W. 873.

From what has been said herein, appellant's several remaining propositions, contending that, since the sale was made without personal notice to it as a junior lienholder, same was void, as being in violation of the due process clause of the Fifth Amendment to the Federal Constitution, are without merit and are overruled.

We therefore conclude that appellee's lien was superior to the mechanic's lien of appellant; that the legal and regular sale of the property under the power granted in the deed of trust extinguished the inferior or junior lien of appellant; and that therefore the trial court correctly entered judgment removing the cloud cast upon the title by the recording of the said extinguished inferior lien.

The judgment will be affirmed in all things.
Affirmed.