### J. D. McCOLLOM LUMBER CO. v. WHITFIELD et al.

### No. 7842.

Court of Civil Appeals of Texas. Austin.

April 12, 1933.

Rehearing Denied April 26, 1933.

See, also, 53 S.W.(2d) 77.

Carter Dalton and J. D. Burns, both of San Angelo, E. H. Swaim and Annie Justice Swaim, both of Eden, and Frank Hartgraves, of Menard, for appellant.

Critz & Woodward, of Coleman, for appellee.

BLAIR, Justice.

This appeal presents the sole question of whether, under the facts proved, the materialman's lien of appellant, McCollom Lumber Company, for lumber and material furnished to erect a dwelling house on homestead land, is superior to the prior existing vendor's lien of appellees Whitfield, securing the notes given in part payment of the land. The liens arose as follows:

Appellees T. E. Whitfield and wife sold W. H. Flippin and wife 357¼ acres of land, retaining a vendor's lien to secure the notes given in part payment of the land. The Flippins immediately occupied the portion of the land involved as their homestead; and later, desiring to improve their said homestead, executed a materialman's lien and a note for $1,350 to appellant, McCollom Lumber Company, for lumber and material to erect a six-room dwelling house on the land, which they have continued to use and occupy since its completion as their homestead. The house was not attached to any existing building on the land, but was a separate and distinct building which the evidence shows to be a frame structure. It is agreed that the materialman's lien contract was executed in accordance with the provisions of article 16, § 50, of the Constitution, and of article 5460, R. S. 1925, relating to fixing a materialman's contract lien for improvements on the homestead. The materialman's contract was duly filed and recorded on the date of its execution, in the mechanic's lien records, before any of the material had been delivered; and appellant contended that, by filing and recording its materialman's contract, it thereby com-

plied with the provisions of article 16, § 37, of the Constitution, and of articles 5452 and 5453, R. S. 1925, with regard to fixing a constitutional or statutory materialman's lien on the dwelling house or improvements made on the homestead, and which lien appellant contended was made superior to the vendor's lien by virtue of the provisions of article 5459, R. S. 1925, relating to the priority of a materialman's lien over all existing liens. This materialman's lien indebtedness was later renewed and extended by a deed of trust executed by the Flippins to appellant, covering the land involved as well as the improvements thereon.

A trial to the court without a jury resulted in a judgment foreclosing the vendor's lien, not only as a prior lien on the land, but also as a prior and superior lien on the dwelling house, it being the view of the trial court, as expressed in its finding of fact, that section 16, art. 37, of the Constitution, and articles 5452 and 5453, R. S. 1925, with regard to fixing constitutional or statutory materialman's liens, had no application to homestead property; and that, since both the vendor's lien and the materialman's lien were mere contract liens, the priority of these liens was determinable under the settled law that the first in time is the first in law.

We have reached the conclusion that the trial court erred in not declaring the materialman's lien superior to the vendor's lien on the dwelling house itself.

█ Beginning with the earlier decisions, the courts have uniformly held that all the aforementioned constitutional and statutory provisions prescribe a general plan to be pursued with regard to all liens as are treated in the entire chapter. Cameron & Co. v. Marshall, 65 Tex. 7. The authorities are also uniform in holding that under the provisions of article 16, §§ 37 and 50, of the Constitution, and the statutes in aid thereof, both contract and constitutional or statutory liens may be fixed or secured on homestead property by a compliance with the constitutional or statutory mode and manner of fixing or securing these liens. Lippencott v. York, 86 Tex. 276, 24 S. W. 275, 276. And, as was held in the Lippencott Case, article 16, § 37, of the Constitution, "clearly evidences the solicitude of the people to give protection to the classes named in it as does the former [article 16, § 50] to protect the homestead from forced sale, and from liens upon it for any purposes other than those enumerated." This authority also declared the distinction between contract and statutory liens upon homestead property, the mode and manner of fixing these liens, as well as the mode and manner of their enforcement; and it also declared with respect to the priority as between different classes of liens on homestead property, as follows: "Mechanics' and like liens, when fixed and secured, as to the im-

provements made, will be given priority over a mortgage or like lien existing on the land at the time the facts occur which gave right to such lien, while a lien created by contract solely will attach to improvements subsequently made on the land covered by the lien, and will not give way to a junior lien of the same character coming into existence after the improvements were made."

█ This holding of the Supreme Court clearly disposes of the issue of priority of liens in favor of appellant under the undisputed facts in this case; that is, appellant showed the execution of its materialman's lien contract with all the formalities required by article 16, § 50, of the Constitution, and of article 5460, R. S. 1925, as fixing a materialman's contract lien upon the homestead. It further showed a strict compliance with the provisions of article 16, § 37, of the Constitution, and articles 5452 and 5453, R. S. 1925, in aid thereof, by duly filing and recording in the manner and within the time required its materialman's lien contract, thereby securing and fixing its statutory materialman's lien on the dwelling house or improvements made on the homestead land. While it is true that the filing for record of the materialman's lien contract was not necessary in order to fix the contract lien as between the materialman and the owners, still, as was pointed out in the Lippencott Case, the purpose or spirit of the constitutional and statutory provisions aforementioned was to also fix and secure a statutory materialman's lien as well as to establish its priority over all existing liens on the improvements made on the homestead. And article 5459 provides that the statutory lien so fixed or secured "shall attach to the house, building or improvements * * * in preference to any prior lien or encumbrance or mortgage upon the land upon which the houses, buildings or improvements have been put;" and that "such house, building or improvement" may be "sold separately;" and we hold that such house, etc., may be removed where the removal will not injure the land.

The cases cited by appellees are not in point. They relate to either contract liens, to which the law gives the first in time priority; or to paving liens; and no statute authorizes the fixing of a materialman's lien on homestead property for furnishing material to pave an abutting street; but such a lien is created solely by contract, and is inferior to existing contract liens. State Trust Co. v. Morrison (Tex. Com. App.) 282 S. W. 214; Fuller Construct. Co. v. Hudson (Tex. Civ. App.) 11 S.W.(2d) 541.

█ Nor do we sustain appellees' contention that the execution of the deed of trust in renewal and extension of the mechanic's lien indebtedness constituted a waiver of the lien or a failure to enforce the lien within the time prescribed by the statutes involved. This question is settled against the contention

of appellee in the early case of Myers v. Humphries (Tex. Civ. App.) 47 S. W. 812, where it is held that the enforcement of the original lien would not be barred because the holder of the mechanic's lien notes took a renewal note and a deed of trust securing it, even though the deed of trust was for additional security, the court holding that, since the debt remained, the lien as an incident to it continued in force as security, and that the mechanic's lien was not thereby waived.

Appellees contend, however, that no relief can be given appellant in this case, because it failed to prove that the building in question, placed as improvement upon the homestead, could be removed without injury to the land. Appellant pleaded that the house could be removed without injury to the land, but the record does not disclose any proof on the issue, except that the house was a frame house and not attached to any other building or improvement. However, the trial court erroneously concluded that the vendor's lien was superior to the mechanic's lien, and the judgment was predicated, according to the findings of fact, upon that conclusion. We are therefore of the opinion that the ends of justice will be better served by reversing and remanding the cause for a trial of the issue of whether the dwelling house may be removed without injury to the land. If so, then appellant will clearly have the right to have the building sold separately and to remove it from the land.

Except as to this issue, the judgment will be in all other respects affirmed. The judgment of the trial court is affirmed in part and in part reversed and remanded, in accordance with this opinion.

Affirmed in part, and in part reversed and remanded.