## McANELLY v. CHAMBLISS.

No. 1406.

Court of Civil Appeals of Texas. Waco.

Oct. 5, 1933.

757

Allen & Allen, of Hamilton, for appellant.

H. E. Chesley, of Hamilton, for appellee.

ALEXANDER, Justice.

On October 27, 1927, G. B. Meeks purchased from Walter Chambliss 51½ acres of land, and in part payment therefor executed and delivered to Chambliss vendor's lien notes in the sum of $1,503. Said land immediately became the homestead of Meeks and wife, and has continued to be used as such since the date of the purchase thereof. On November 15, 1927, Meeks and wife executed and delivered to Clay Lumber Company a mechanic's lien contract on said property, by the terms of which the Clay Lumber Company, in consideration of certain cash and one mechanic's lien note in the sum of $450, agreed to erect a seven-room dwelling house on said land. The Clay Lumber Company furnished the labor and material and erected the improvements according to the contract, and assigned the mechanic's lien note to J. B. McAnelly. Chambliss brought this suit against Meeks to recover his debt, and against Meeks and McAnelly to foreclose his vendor's lien, claiming a superior lien on both the land and improvements. McAnelly, by way of cross-action, sought to recover for his debt with foreclosure of his mechanic's lien, claiming a superior lien on the improvements. The court entered judgment for the plaintiff Chambliss for his debt, with a first lien on both the land and the improvements, and entered a judgment in favor of McAnelly for his debt, with a second lien on the land and improvements. McAnelly appealed.

The evidence shows without dispute that at the time Meeks purchased the property there was no dwelling house thereon; that the house erected under the terms of the mechanic's lien contract was entirely new, was built entirely of material and labor furnished by Clay Lumber Company, was not attached to any existing building on the land, and that it can be removed from the premises without material injury to the building or the land on which it is situated. The materialmen's lien contract was executed in accordance with the provisions of article 16, section 50, of the Constitution, and article 5460, Revised Statutes 1925, relating to fixing a materialman's contract lien for improvements on homestead, and was duly filed and recorded in the mechanic's lien records of the county clerk's office within less than one week after its execution. It is McAnelly's contention that he should have been allowed a first lien on the building in question, with the right to sell and remove said building for the purpose of satisfying his lien.

Revised Statutes, art. 5452, provides that every person or firm furnishing labor or material to erect a house, or other improvements, shall have a lien upon such house, or other improvements, and on the lot or lots of land necessarily connected therewith. Revised Statutes, art. 5459, provides: "The lien herein provided for shall attach to the house, building, improvements or railroad for which they were furnished or the work was done, in preference to any prior lien or encumbrance or mortgage upon the land upon which the houses, buildings or improvements, or railroad have been put, or labor performed, and the person enforcing the same may have such house, building or improvement, or any piece of the railroad property, sold separately; provided, any lien, encumbrance or mortgage on the land or improvement at the time of the inception of the lien herein provided for shall not be affected thereby, and holders of such liens need not be made parties in suits to foreclose liens herein provided for."

Under the plain letter of the above statute, one who furnishes the labor or material with which to construct improvements upon land, and otherwise complies with the provisions of the statute for the fixing of such liens, has a prior lien upon the improvements so constructed, which lien is superior to existing vendor's liens. Land Mortgage Bank of Texas v. Quanah Hotel Co., 89 Tex. 332, 34 S. W. 730. Since appellant's assignor, the Clay Lumber Company, furnished the labor and material with which to erect the house in question, and otherwise complied with the provisions of the statute for the fixing of a lien, and since the house so erected can be removed without material injury to either the land or improvements, the plain letter of the statute, as well as the equities of the case, entitles the appellant as the holder of such lien to have the improvements so constructed sold separately for the purpose of satisfying the balance of the cost of such improvements. J. D. McCollom Lumber Co. v. Whitfield (Tex. Civ. App.) 59 S.W.(2d) 1106 (writ refused); William Cameron & Co. v. Trueheart (Tex. Civ. App.) 165 S. W. 58; People's Building, Loan & Savings Ass'n v. Clark (Tex. Civ. App.) 33 S. W. 881; Owens v. Heidbreder (Tex. Civ. App.) 44 S. W. 1079, 1087; Dallas Plumbing Co. v. Harrington (Tex. Civ. App.) 275 S. W. 190, par. 6.

The appellee recognizes the validity of the provisions of article 5459, which gives to the laborer or materialman a superior lien upon the improvements so constructed, but contends that the provisions of this statute apply only to mechanic's liens created by operation of law and not to voluntary liens upon the homestead created by contract only. He cites in support of his contention the case of State Trust Company v. Morrison (Tex. Com. App.) 282 S. W. 214. In that case the Commission of Appeals did hold that the provisions of article 5459, giving a mechanic a superior lien upon the improvements constructed by him, applied only to liens created by law and not to voluntary liens created by contract only. It will be noted how-

ever, that the case there under consideration involved a paving lien for improvements placed upon a public street, and it was held that the materialman had no separate lien which could be foreclosed upon such improvements by selling the improvements separately from the land so improved because the street, being public property, could not be sold under foreclosure proceedings. The latter reason was entirely sufficient to support the judgment recommended by the Commission of Appeals and was doubtless the basis of the judgment entered by the Supreme Court.

We recognize that there is a material difference in the steps to be taken in order to perfect and fix the statutory mechanic's lien upon nonhomestead property and those to be taken in order to fix a lien upon homestead property. Lippencott v. York, 86 Tex. 276, 24 S. W. 275. But it does not follow that a lien on the homestead for improvements made thereon is any less a mechanic's lien entitled to all of the benefits of article 5459 merely because it is created by the voluntary act of the parties. In the case of Fullenwider v. Longmoor, 73 Tex. 480, 11 S. W. 500, 501, in discussing the difference between the rights of one holding the ordinary statutory mechanic's lien and one holding a contract lien for improvements on the homestead, it was said: "When the wife has executed the contract in the manner provided by the constitution and the statute, the rights and remedies of all parties stand, and are to be proceeded with, as to all persons, just as contracts for other improvements are directed by the statutes to be conducted. The only distinctions are in the requirement that the wife must be a party to the contract affecting the homestead, and in the mode of its execution."

Chapter 2, title 90, of the Revised Statutes, makes provisions for liens in favor of those furnishing labor or material for improvements, and stipulates what shall be the relative rights of the holders of such liens as against the holder of a prior vendor's lien on the land so improved. Article 5452 of that chapter provides that one furnishing labor or material to erect improvements shall have a lien upon such improvements and the lot of land connected therewith "upon complying with the provisions of this chapter." Said chapter provides two methods for obtaining and fixing such liens; one on nonhomestead property, as provided for in article 5453, and the other on homestead property, as provided for in article 5460, but makes no difference as to the relative rights of the holders of such liens regardless of which method is pursued in obtaining the lien. If one furnishes the labor or material to erect a building, as provided for in article 5452, and secures the contract of the husband and wife as provided for in article 5460, he thereby complies with the provisions of said chapter 2, as referred to in article 5452, and is entitled to "the lien herein provided for" as referred to in article 5459, with the right to enforce same as provided for in said article.

The facts involved in this case are identical with those involved in the case of J. D. McCollom Lumber Co. v. Whitfield, 59 S. W.(2d) 1106 (writ refused), in which the Court of Civil Appeals held that the materialman had a lien upon the improvements constructed by him, which lien as to such improvements was superior to a previous existing vendor's lien upon the land. In that case the Supreme Court refused a writ of error. The cases of Hammann v. H. J. Mc-Mullen & Co. (Tex. Sup.) 62 S.W.(2d) 59, and Cameron County Lumber Co. v. Al & Lloyd Parker, Inc. (Tex. Sup.) 62 S.W.(2d) 63, are distinguishable from the case here under consideration, in that in those cases the evidence showed that the improvements could not be removed without injury. The contrary is shown by the evidence herein.

The judgment of the trial court is reversed, and the cause remanded, with instructions to the trial court to enter judgment for the plaintiff for his debt, with foreclosure of a first lien on the land and a second lien on the improvements in question, and to enter judgment for the defendant McAnelly for his debt, with foreclosure of a first lien on said improvements and a second lien on the land. The improvements should be ordered sold separately and the purchaser at foreclosure sale should be allowed a reasonable time in which to remove such improvements.