## WALLACE GIN CO. et al. v. BURTON-LINGO CO.

### No. 8450.

Court of Civil Appeals of Texas. Austin.

April 14, 1937.

Eckford & McMahon, of Dallas, for appellants.

W. Marcus Weatherred, of Coleman, for appellee.

BAUGH, Justice.

Burton-Lingo Company, a corporation, brought this suit against the Wallace Gin Company, a corporation, for a balance due for materials furnished to the latter and used by it in the erection of a cotton house in connection with its gin located in the city of Coleman, Tex.; and for foreclosure of its constitutional and statutory materialman's lien, duly fixed, on said property. The Gullett Gin Company, a corporation, Coleman Community Gin Association, a corporation, and Clanton Davis were made parties, as claiming some interest in the property, which the plaintiff alleged was inferior to its lien. Judgment was rendered for the amount of the debt in favor of appellee against the Wallace Gin Company, the lien established as superior to any claim of the other appellants herein, and the improvements in question ordered sold separately, in satisfaction of the appellee's debt. From this judgment, the defendants have appealed.

The Wallace Gin Company, in 1930, owned and operated the gin in question. In June, 1930, it executed a deed of trust on said property to secure the payment of some $15,000 in notes owing to Clanton Davis. In February, 1934, it purchased from Burton-Lingo Company certain materials which were used in the erection of a cotton house, a separate and distinct unit from the gin proper, but which was then or subsequently connected with the gin by a roof extension. No question is raised as to the amount of the debt, nor that the materialman's lien was properly recorded and fixed on the improvements. Having defaulted in the payment of the notes held by Clanton Davis, judgment was obtained thereon against the Wallace Gin Company and the property sold under foreclosure at sheriff's sale. The Coleman

892

Community Gin Association bought in the property with notice both actual and constructive of the Burton-Lingo claim and lien. The only question here presented is whether or not the court erred in ordering a foreclosure of the materialman's lien on the improvements involved. Appellants' contention in this regard is, first, that the evidence shows that the cotton house, in which the materials were used, cannot be detached and removed either as a unit, or by dismantling, from the premises without injury to the real estate and to the other improvements thereon as they stood prior to the time that the cotton house was built; and, second, that because the Burton-Lingo Company did not furnish all of the material that went into the erection of said cotton house, it was not entitled to the foreclosure granted.

Neither of these contentions is sustained. In connection with the first, the trial court found in his findings of fact as follows: "I find, from the evidence that said building and improvements can be removed without detriment or material injury to said lot or real estate, and without detriment or material injury to the remaining improvements on said lot, and without detriment or material injury to such improvements themselves."

■ It is not controverted that the cotton house in question was set apart from the gin proper, was erected upon a separate foundation, and covered by separate roof from the rest of the gin. At the time of its erection, or shortly thereafter, the roof covering the office used in connection with the gin, was extended so as to join the roof covering the cotton house. Evidence of witnesses, pro and con, as to whether the cotton house could be removed either as a unit or by dismantling, without injury to the remainder of the gin plant, and so as to leave the remainder of the gin plant in the same or as good condition as it was before the addition of the cotton house, was heard by the trial court. It would serve no good purpose to summarize or review the testimony here. Suffice it to say there was ample testimony to sustain the findings of the trial court above set out.

■ That being true, in the light of the now settled decisions, the materialman was entitled to foreclose his lien and to sell said property separate and apart from the real estate, and from the remainder of the gin property. Wm. Cameron & Co. v. Trueheart (Tex.Civ.App.) 165 S.W. 58; R. B.

Spencer & Co. v. Brown (Tex.Civ.App. writ ref.) 198 S.W. 1179; J. D. McCollom Lbr. Co. v. Whitfield (Tex.Civ.App. writ ref.) 59 S.W.(2d) 1106; McAnelly v. Chambliss (Tex.Civ.App.) 63 S.W.(2d) 756; 29 Tex.Jur. § 95, p. 573; § 138, p. 628.

■ There being no question as to the appellee's debt, nor the validity of its lien, and it appearing that neither the real estate, nor the remainder of the gin property on the premises would be injured by the foreclosure and removal; and it appearing that the security held by Davis on the property as it existed prior to the erection of these additional improvements would be in no way jeopardized or impaired, it is manifest that the appellants herein could suffer no injury from the foreclosure awarded by the trial court.

■ Nor was it necessary that the materialman furnish all of the materials which went into the construction of this cotton house before it could establish and foreclose its lien upon said property for the materials it did furnish. In this regard it is insisted that because the Wallace Gin Company bought and paid for materials elsewhere which were used in construction of this cotton house, that appellee could not foreclose its lien on the completed cotton house as a whole. We do not understand the statute to so limit the rights of one who furnishes materials. If that were true, in many cases the lien and rights of the materialman could and would readily be defeated, for the reason that in many, if not in most, instances no one concern furnishes all such materials, and manifestly it is seldom true that all of the materials which go into the construction of such improvements are furnished on credit. It was the manifest purpose of the Constitution and the statutes to afford the materialman a lien, and to give him his remedies, for the materials furnished for such purpose, whether they be all or only a part of the materials used in the construction of the improvements. In any event, the appellants herein being purchasers at foreclosure sale under a prior deed of trust, did not furnish any of the other materials used in the construction of the cotton house, consequently they cannot be injured by the sale and removal of this structure, and their rights in the premises are in nowise injured or impaired. Even after the removal of the structure in question from the premises, they still have the property, in practically the same condition as it was when the deed of trust lien at--

tached in 1930. That being true, they have suffered no injury.

For the reasons stated, the judgment of the trial court will be affirmed.

Affirmed.