**J. D. FREED, Appellant,**

v.

**J. D. BOZMAN and Noble Crawford, Appellees.**

No. 6971.

Court of Civil Appeals of Texas.

Texarkana.

June 6, 1957.

Rehearing Denied July 4, 1957.

Richard Owens, Fort Worth, for appellant.

John M. Smith, Longview, for appellees.

FANNING, Justice.

J. D. Freed, as plaintiff, sought an injunction restraining J. D. Bozman, as owner of a judgment upon a materialman's and mechanic's lien, and Noble Crawford, as sheriff, from executing a certain order of sale on certain land and improvements owned by plaintiff. Trial was to a jury. In response to special issues submitted the jury found that certain improvements placed on the land by Bozman consisting of a motion picture screen, and frame, ticket booth and neon sign, and speaker poles (all of which were part of a drive-in movie theater) had not become so permanently attached to the land as not to be removable therefrom without material damage to such land. The trial court dissolved the temporary injunction previously issued in the cause and decreed that an order of sale issue in Bozman's favor on the motion picture screen and frame, the ticket booth and neon sign, and the speaker poles in question, located on an 8-acre tract of land belonging to plaintiff. Plaintiff, J. D. Freed, has appealed from this judgment.

Lela C. Clements et al. conveyed the 8-acre tract of land in question to Ferguson and wife, by deed dated April 17, 1953 (when there was no drive-in movie theater on said land), wherein a vendor's lien note in the amount of $4,000 was created; on the same date the Fergusons executed a deed of trust to R. M. Wood, Trustee, to secure said debt; Ferguson executed a deed, dated July 17, 1953, conveying a half interest in the 8 acres to Harrell; Ferguson and wife executed a deed, dated September 3, 1953, conveying a half interest in the 8 acres to Stone, with Stone assuming the $4,000 vendor's lien note; Stone executed a quitclaim deed to Kirkendall, dated March 2, 1954; Kirkendall executed a quitclaim deed, dated March 7, 1954, to said Harrell (Charles Richard Harrell) quitclaiming the said 8 acres; on June 17, 1954, said Harrell executed a deed to Prince, as trustee for the creditors of said Harrell, to the said 8 acres; R. M. Wood, as trustee, on March 6, 1956, executed a trustee's deed to Lela C. Clements and Douglas B. Clements, conveying the 8 acres, foreclosing the deed of trust and vendor's liens originally given in the original amount of $4,000; Lela C. Clements and Douglas Clements, on March 23, 1956, executed a warranty deed conveying the 8 acres in question to J. S. Freed.

J. D. Bozman on December 21, 1955, filed suit against Prince, assignee of Harrell, alleging that between the dates of August 6, 1953, and October 1953, he furnished materials and labor to C. Richard Harrell as owner of Glade Drive-in Theatre, in the amount of $2,800 (used in the construction of the drive-in movie theater located on the 8 acres) and that his mechanic's and materialman's lien was filed on January 18, 1954. This claim was reduced to a judgment in cause No. 28,213–B, in the District Court of Gregg County, Texas, wherein judgment was rendered for Bozman against Prince, as assignee for Harrell, establishing and foreclosing Bozman's liens in the amount of $2,800, which judgment was not appealed from, and became a final judgment.

This case was tried by the trial court on the theory that the deed of trust sale by the trustee to Clements cut off any rights or lien which Bozman might have had in the 8 acres of land, but that if the improvements which Bozman had placed on the land in the construction of the drive-in movie theater thereon, consisting mainly of a movie screen and platform, ticket booth and neon sign, and speaker poles, could be removed without material damage to the land, then that Bozman should have his order of sale on such improvements, and that such improvements be allowed to be removed by the successful bidder at such sale.

The trial court clearly recognized that the vendor's lien and deed of trust foreclosure thereof were prior to any rights or liens which Bozman might have had in the 8 acres of land itself, and the judgment of the trial court only allows an order of sale upon the specific items mentioned, to-wit,

238

the movie picture screen and platform, the ticket booth and neon sign, and the speaker poles.

Appellant, among other things, contends that as a matter of law the motion picture screen and platform, ticket booth and neon sign and speaker poles, had become so permanently attached to the realty so as not to be removable without material damage to the land and the improvements themselves, that the findings of the jury were against the undisputed evidence, and that the issues submitted were improper. By other points appellant attacks the sufficiency of the affidavit for the mechanic's lien and raises other matters as well.

Article 16, Sec. 37, Constitution of Texas, Vernon's Ann.St., provides:

"Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

Article 5452, Vernon's Ann.Civ.St., provides in part as follows:

"Any person or firm, lumber dealer or corporation, artisan, laborer, mechanic or sub-contractor who may labor or furnish material, machinery, fixtures or tools; (a) to erect or repair any house, building or improvement whatever; * * * upon complying with the provisions of this chapter shall have a lien on such house, building, fixtures, improvements, * * * and shall have a lien on the lot or lots of land necessarily connected therewith * * * to secure payment for the labor done, lumber, material, machinery or fixtures and tools furnished for construction or repair."

Article 5459, V.A.C.S., provides:

"The lien herein provided for shall attach to the house, building, improve-

ments or railroad for which they were furnished or the work was done, in preference to any prior lien or encumbrance or mortgage upon the land upon which the houses, buildings or improvements, or railroad have been put, or labor performed, and the person enforcing the same may have such house, building or improvement, or any piece of the railroad property, sold separately; provided, any lien, encumbrance or mortgage on the land or improvement at the time of the inception of the lien herein provided for shall not be affected thereby, and holders of such liens need not be made parties in suits to foreclose liens herein provided for."

Article 5471, V.A.C.S., provides:

"When the house, building, improvement, or any piece of the railroad's property is sold separately, the officer making the sale shall place the purchaser in possession thereof; and such purchaser shall have the right to remove the same within a reasonable time from the date of purchase."

We think Vernon in its Volume 3 of the Texas State Constitution, on page 288, in its subdivision 32 (under Art. 16, Sec. 37, Tex.Const.) entitled "Removal of Materials," has well stated the correct construction to be given Articles 5452, 5459, and 5471, supra, and we quote from same as follows:

"Under Vernon's Ann.Civ.St., arts. 5452, 5459, and 5471, as against the rights of the lienholder, the improvements do not become a part of the real estate, but are treated as if they had been made under a contract for removal, because the statute provides that foreclosure may be had upon the house alone, and that the purchaser might remove it, which could not be done consistently with the proposition that such improvements become a part of the realty. Summerville v. King, 98 Tex. 332, 83 S.W. [680] 681."

The case of Summerville v. King, 98 Tex. 332, 83 S.W. 681, 682, supra, construes Article 3294, R.C.S.1895, which is similar to Article 5452, V.A.C.S. in all respects material hereto, and construes Articles 3301, and 3302, R.C.S.1895, which are identical with the present Articles 5459 and 5471, V.A.C.S., respectively. We quote from the opinion of the Supreme Court in this case as follows:

"Article 3294 of the Revised Statutes of 1895, prescribes the effect of a mechanic's lien and the property upon which it shall hold a lien as follows: 'Any person or firm, lumber dealer or corporation, artisan, laborer, mechanic or subcontractor who may labor or furnish material, machinery, fixtures or tools to erect any house or improvement or to repair any building or improvement whatever, * * * upon complying with the provisions of this chapter shall have a lien on such house, building, fixtures, improvements, * * * and shall also have a lien on the lot or lots of land necessarily connected therewith, to secure payment for the labor done, lumber, material, machinery, or fixtures and tools furnished for construction or repair.' The enforcement of the mechanic's lien is provided for by the following articles of the Revised Statutes: Article 3301: 'The lien herein provided for shall attach to the house, building, improvements, * * * for which they were furnished, or the work was done, * * * and the person enforcing the same may have such house, building or improvements * * * sold separately.' Article 3302: 'When the house, building, improvement, * * * are sold separately, the officers making the sale shall place the purchaser in possession thereof, and such purchaser shall have the right to remove the same within a reasonable time from the date of the purchase.' *It will be seen from these provisions that as against the rights of the lienholder the improvements did*

*not become a part of the real estate, but are treated as if they had been made under a contract for removal, because the statute provides that the foreclosure may be had upon the house alone, and that the purchaser might remove it, which could not be done consistently with the proposition that such improvement became a part of the realty.*" (Emphasis ours.)

In William Cameron & Co. v. Trueheart, Tex.Civ.App., 165 S.W. 58, 60, the court said:

"Appellee, in purchasing the notes acquired a vendor's lien on the land in its then condition. Appellant is not resisting the enforcement of this lien, and is not asking any relief that would depreciate the value of the land as it was at the time appellee purchased the notes. If it is permitted to move off the improvements that Terry made with appellant's lumber, appellee will still have all that he paid for, and all that he had any reason to expect when he bought the notes, he knowing at that time, as a matter of law, that if the owner or any subsequent purchaser placed improvements on the land and failed to pay for the same, they could be sold and moved off, by the enforcement of the statute in reference to liens for labor performed or material furnished for such improvements. The statute expressly provides that such liens shall attach to such improvements 'in preference to any prior lien upon the land' (R.S. Art. 5621), and that they may be removed (R.S. Art. 5629)."

In J. D. McCollom Lbr. Co. v. Whitfield, Tex.Civ.App., 59 S.W.2d 1106, 1107, wr. ref., the court held that a materialman's lien (executed in accordance with statutory and constitutional provisions) for lumber and material furnished to erect a dwelling house on homestead land was a superior lien on the house itself to prior existing vendor's liens on the land, and the court stated:

"And Article 5459 provides that the statutory lien so fixed or secured 'shall attach to the house, building or improvements * * * in preference to any prior lien or encumbrance or mortgage upon the land upon which the houses, buildings or improvements have been put;' and that 'such house, building or improvement' may be 'sold separately;' *and we hold that such house, etc., may be removed where the removal will not injure the land.*" (Emphasis ours.)

In Wallace Gin Co. v. Burton-Lingo Co., Tex.Civ.App., 104 S.W.2d 891, 892, in which a whole cotton house was allowed to be removed and sold separately, the court stated:

"Appellants' contention in this regard is, first, that the evidence shows that the cotton house, in which the materials were used, cannot be detached and removed either as a unit, or by dismantling, from the premises without injury to the real estate and to the other improvements thereon as they stood prior to the time that the cotton house was built; and, second, that because the Burton-Lingo Company did not furnish all of the material that went into the erection of said cotton house, it was not entitled to the foreclosure granted.

"Neither of these contentions is sustained. In connection with the first, the trial court found in his findings of fact as follows: 'I find, from the evidence that said building and improvements can be removed without detriment or material injury to said lot or real estate * * *.'

" * * * It would serve no good purpose to summarize or review the testimony here. Suffice it to say there was ample testimony to sustain the findings of the trial court above set out.

"That being true, in the light of the now settled decisions, the materialman was entitled to foreclose his lien and to sell said property separate and apart from the real estate, and from the remainder of the gin property. William Cameron & Co. v. Trueheart, Tex.Civ. App., 165 S.W. 58; R. B. Spencer & Co. v. Brown, Tex.Civ.App., 198 S.W. 1179, wr. ref.; J. D. McCollom Lbr. Co. v. Whitfield, Tex.Civ.App., 59 S. W.2d 1106, wr. ref.; McAnelly v. Chambliss, Tex.Civ.App., 63 S.W.2d 756; 29 Tex.Jur. § 95, p. 573, § 138, p. 628."

In R. B. Spencer & Co. v. Brown, Tex. Civ.App., 198 S.W. 1179, 1180, the court allowed the foreclosure of a materialman's lien on a *rock building*, granted an order of sale thereon, and held that the purchaser at such sale would have the right to remove such building within a reasonable time, and the court stated:

"Upon the facts stated, we hold that Brown became the owner of the old rock house and the repairs thereto were made by him as such owner. Appellants having furnished the material to him used in repairing the house, they acquired a lien thereon under the Constitution and statutory laws of our state. It thus follows that appellants were entitled to a foreclosure of their lien upon the building and an order directing its sale. The purchaser at such sale will have the right to remove said building within a reasonable time from the date of the purchase under the provisions of article 5629, R.S."

Appellee Bozman testified that he furnished all the materials and built the motion picture screen and platform, that he furnished all the pipe materials for the speaker poles, that he built the framework for the ticket office and furnished the pipe for the sign pole, etc., that he was never paid for such materials and work, that he could remove the improvements in question without injury to the land, that he would not have to demolish them, that he intended to leave the land involved in such a

condition that it could be readily used, etc. Two other witnesses testified to the effect that the improvements in question could be removed from the land without injury to the land. Robert Freed (a witness for appellant), father of appellant, also testified on cross-examination that the improvements could be removed and the land left in such a condition that it would not interfere with his or his son's use of it, and further testified that the premises would be left in such a condition that it could be used for a drive-in theater.

Appellant Freed and his father who bought the property for him, had both constructive notice and actual notice of appellees' materialman's and mechanic's lien and judgment, when the property was purchased for Freed in 1956.

We have carefully reviewed the record in this case and hold that the evidence in this case amply supports the findings of the jury.

We also hold that the form and manner in which the special issues were submitted do not reflect reversible error under this record.

We further hold that the trial court under this record correctly decreed that an order of sale should issue for the specific items enumerated in his judgment.

 We also think the affidavit of Bozman was sufficient to create a valid statutory lien. Article 5455, V.A.C.S., Hill v. The Praetorians, Tex.Civ.App., 219 S.W. 2d 564, wr. ref., n. r. e. We also think under this record Bozman had a valid constitutional lien, as well as a valid statutory lien. See authorities cited in Tomlinson v. Higginbotham Bros. & Co., Tex.Civ. App., 229 S.W.2d 920. Furthermore, the appellant introduced the mechanic's and materialman's lien affidavit in question in evidence without limiting it or qualifying it, and when he did this, he was bound by it and cannot now be heard to attack it. Lock v. Morris, Tex.Civ.App., 287 S.W.2d 500, wr. ref., n. r. e.

Appellant's 8th point is. not properly raised. Appellant did not raise this matter in his motion for judgment non obstante veredicto—he also did not file a motion for new trial. See Rule 324, Texas Rules of Civil Procedure, and Miller v. Miller, Tex.Civ.App., 274 S.W.2d 762, wr. ref. The point is also without merit under this record.

Each and all of appellant's points have been carefully considered and are respectfully overruled.

The judgment of the trial court is affirmed.