TROWBRIDGE, C. PFEIFFER, Associate Judge.
The sole question in this case is whether a sewerage treatment tank, together with compressors, motors, alternators, and pumps constituting a portion of a sewerage disposal system, are improvements the removal of which is sufficiently practicable to subject the improvements to a mechanic’s lien under Section 84.11, Florida Statutes 1961 (the Mechanics’ Lien law prior to its amendment by the 1963 Legislature), F.S.A. The plaintiff below waived any claim of lien against the fee title to the realty upon which the improvements were constructed. The leasehold, which would otherwise have been subject to the lien, has terminated. Accordingly, the lien, if it is to attach to anything, must attach to the improvements or else the lienor is limited to a money judgment against the former lessee. The trial judge determined that a lien would not be decreed against the improvements and entered a money judgment in lieu thereof.
Section 84.11, Florida Statutes, F.S.A., as it existed prior to the 1963 revision of the Mechanics’ Lien law, provided that:
“84.11 Liens for improving land in which the contracting party has no interest. — When the person contracting for improving real property has no interest as owner in the land, no lien shall attach to the land, except as provided in § 84.12 but if removal of such *850 improvement from the land is practicable, the lien of a lienor shall attach to the improvement on which he has performed labor or services or for which he has furnished materials. The court, in the enforcement of such lien, shall order such improvement to be separately sold and the purchaser may remove it within such reasonable time as the court may fix. The purchase [price] for such improvement shall be paid into court. The owner of the land upon which the improvement was made may demand that the land be restored to substantially its condition before the improvement was commenced, in which case the court shall order its restoration and the reasonable charge therefor shall be first paid out of such purchase price and the remainder shall be paid to lienors and other encumbrancers in accordance with their respective rights.” (Emphasis supplied)
The emphasized portion of the Statute presents the basic problem of this appeal.
Although no Florida case has been cited to this Court dealing directly with the practicability of removal of sewerage treatment plants, the case of Standard Motors Finance Co. v. Central Farmers’ Trust Co., 1934, 117 Fla. 217, 157 So. 520, presents an analogous situation involving the right of a conditional vendor to remove personal property from a building against the claim of a mortgagee of the realty. The personal property involved was an automatic sprinkler system in the building and retaking possession of the sprinkler system would necessitate going between the walls and floors of the building in order to take out pipe and remove sprinkler heads. Such operation would necessarily require patching the holes from which the exposed parts were removed. The damage to the building in the operation of the removal would consist principally of ripping up floor boards and tearing off some of the plaster, all of which was capable of replacement by means of comparatively simple repairs. The Supreme Court of Florida reversed the trial court and upheld the right of the conditional vendor to remove the items of personal property. Although the basic problem in the cited case was different from that presently before the Court because of the retained title by the vendor, the determination that such fixtures could be reasonably removed from the real property is significant herein.
Similar cases in another jurisdiction involving mechanics’ liens are Freed v. Bozman, Tex.Civ.App.1957, 304 S.W.2d 235, wherein a movie screen, platform, ticket booth, neon signs, and speaker poles in a drive-in movie theater were found to be removable without material damage to the property, and Dallas Plumbing Co. v. Harrington, Tex.Civ.App.1925, 275 S.W. 190, wherein plumbing fixtures and equipment consisting of a closet, bathtub, lavatory, sink, and heater were found to be removable without material injury to the house and premises.
In the instant case the trial judge in his final decree specifically found that:
“In regard to the sewerage treatment ■ plant, the evidence clearly shows that the items described as compressors, motors, alternators, and pumps can be removed by removing bolts which hold and affix such items. The large rectangular tank Can be removed by excavation toward a street and the evidence shows that such excavation can be replaced and the premises restored to their former condition. The removal of the items affixed by bolts would not physically disturb the real property and such items are easily accessible.”
The trial court then went on to state that all of the improvements, including all portions of the sewerage treatment plant, form a part of the utility system for a real property development wherein numerous parcels of land are available for leasing to persons with house trailers and that approximately seventy-five trailers are in use on the real property. The court noted that the evidence established that the im *851 provements upon which a lien is sought to be impressed constitute items which are available in the construction trade and can be purchased in the open market.
Notwithstanding all of the foregoing, the trial court ruled:
“The Court is of the opinion that the removal of the equipment and the improvements is not practicable in the present case because such removal would seriously endanger the lives of too many people since the equipment is an integral part of the sewerage treatment plant servicing the trailer park. Therefore, a lien will not be decreed against the improvements.”
While the desire of the trial judge to protect the interest of the residents of the approximately seventy-five trailers is laudable, such a consideration is not determinable of the question whether the removal of such improvements is practicable. Section 84.11 permits the Court to set a reasonable time within which the purchaser of such improvements at a foreclosure sale may remove them. The utilization of such a delay period would permit the landowner to go into the open market and purchase replacements for the items to be removed. In this particular case the landowner has already protected himself by virtue of an agreement (admitted into evidence) between the lienor and the landowner providing that if such improvements are sold at a foreclosure sale, the landowner would have the right to bid on them, and in the event the lienor became the purchaser, the lienor agrees to sell the improvements to the landowner at the reasonable market value at the time of the foreclosure sale. Therefore, either by resorting to the open market, or by purchasing the particular items sold at the foreclosure sale or from the lienor after the sale, the landowner would avoid any health problems or inconvenience that might be created.
We feel that the removal of much of the equipment in this sewerage disposal system is practicable under the evidence and that the trial court’s refusal to impress a lien upon any of it was the result of a sincere but erroneous interpretation of the word “practicable.” The record also shows that counsel for the parties stipulated at the trial that if the lienor were entitled to remove the improvements, then by supplemental agreement or by further hearing the matter of a detailed description of the specific items to be removed and sold could be determined.
Accordingly, the Final Decree entered herein is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
SMITH, C. J., and WHITE, J., concur.