**MORRIS et al. v. BAILEY et al.**  (No. 3677.)

Court of Civil Appeals of Texas. Texarkana. April 18, 1929.

Rehearing Denied April 25, 1929.

judgment determining that the will was entitled to probate. Appellants in their brief have not pointed out, and we have not found on a careful reading of the statement of facts sent to this court, any evidence which, as we view it, supports the contention. The fact that the testator bequeathed his property to an aunt and two nieces, making no provision for his brothers and sisters and other nieces, we think alone was without probative force. And we think the testimony showing that the testator lived with said appellee Mrs. Dollie Bailey, and that she therefore had an opportunity to improperly influence him if she could and was willing to do so, did not make an issue for the jury as to whether she did so influence him or not. Clark v. Briley (Tex. Civ. App.) 193 S. W. 419; Patterson v. Lamb (In re Burns' Estate) 21 Tex. Civ. App. 512, 52 S. W. 98. In the case last cited the court said:

"Undue influence cannot be presumed or inferred from opportunity or interest, but must be proved to have been exercised, and exercised in relation to the will itself, and not merely in other transactions."

The judgment is affirmed.

A. H. Mount, of Dallas, and T. B. Ridgell, of Breckenridge, for appellants.

E. D. Foree, of Rockwall, and Thos. R. Bond, of Terrell, for appellees.

WILLSON, C. J. (after stating the case as above). It is not contended here that there was any evidence at the trial in the court below tending in the least to support the charge that the testator lacked mental capacity to make a will. The contention is that there was evidence which would have supported a finding that he was unduly influenced by appellee Mrs. Dollie Bailey to make the will in question, and that the court below therefore erred when he peremptorily instructed the jury to return a verdict in said appellee's favor and, on a verdict as instructed, rendered