Isadore **VINCENT**, Appellant,

v.

Alec **VINCENT** et al., Appellees.

No. 6191.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 18, 1958.

Rehearing Denied Jan. 14, 1959.

Shelby K. Long, Port Arthur, for appellant.

Geo. Sonfield, W. E. Dryden, Beaumont, for appellees.

McNEILL, Justice.

This is an appeal by the plaintiff, Isadore Vincent, from an instructed verdict against him in the District Court of Jefferson County.

The suit was one brought by plaintiff to set aside the probate of the will of Elida Faulk, deceased. The petition filed in the County Court made the beneficiaries in said will, to wit, Alec Vincent, brother of the plaintiff, Mary Ella Smith, sister of the plaintiff, and her husband, Sully Vincent, Evita LaFosse, a cousin of plaintiff joined by her husband, defendants, and described the plaintiff and defendants as heirs at law of the deceased, being her nieces and nephews. The grounds alleged for setting aside the will as probated was first, that the will was executed through undue influence of the defendants, Mary Ella Smith and Alec Vincent, and second, that since the deceased could neither read nor write and could only speak the French language, and that neither of the subscribing witnesses to the will could speak French, that the will was not legally executed. The contest was denied in the County Court and appeal was properly taken to the District Court where the trial was to a jury, and the court, at the conclusion of plaintiff's case, upon oral motion of the defendants, gave a peremptory instruction against plaintiff, and rendered judgment sustaining the will and denying the contest.

The brief of the plaintiff in this court contains one point, which both asserts that through undue influence and fraud of the defendants, Mary Ella Smith and Alec Vincent, and because the will was not executed with the legal formalities required, the granting of the peremptory instruction was improper.

The facts must be viewed in this court from the standpoint most favorable to the plaintiff. Klinksiek v. Brower, Tex. Civ.App., 289 S.W.2d 805. The testimony shows that the deceased, Elida Faulk, owned some farm land near Stowell in Jefferson County, Texas. She was a sister-in-law of A. T. Vincent, the father of the plaintiff and three of the defendants. A. T. Vincent, who passed away in 1946, looked after Elida Faulk's affairs for many years. She could neither read nor write, and spoke and understood only the French language. The last 15 or 20 years before her death in 1951 she had been living with her niece, the defendant Mary Ella Smith and husband on

the tract of land above mentioned. This was where she preferred to live. A short while after A. T. Vincent's death she and her niece, Mary Ella Smith, and husband, came to Beaumont where she met her nephew, Alec Vincent, and called upon B. E. Quinn and stated that the deceased desired to make a will. He referred them to George M. Sonfield, a Beaumont lawyer, whose office was next door to that of Mr. Quinn. They then went to Mr. Sonfield and Elida Faulk, through her interpreters, the defendants, Mary Ella Smith and Alec Vincent, two of the beneficiaries in said will, informed Mr. Sonfield of her desire to make a will and gave him the information from which he drafted the will involved. Later that day the parties returned to the office and Mr. Sonfield read and explained the will, through the same interpreters, to the deceased, who appeared to understand as he read and as the interpreters would inform her, section by section, of the contents of the will. She then signed the will by her cross mark in the presence of Mr. Sonfield, his brother, R. L. Sonfield, and B. E. Quinn, subscribing witnesses. Mary Ella Smith and husband and Alec Vincent and another person were also present at the time. The record shows that neither of the Sonfields could understand or speak French. There is no testimony as to whether the other witness could do so.

The record is silent as to the age of the deceased at the time of her death, as to whether she was sick or infirm, whether she had ever been married or had children, or whether her mother or father survived her; and there was no evidence of what property she left except the land which has been mentioned above and the value of it was not established.

■ Plaintiff contends that the will was an unnatural one since it left the deceased's property to part and not all of her nieces and nephews. It gave the land upon which the deceased lived with her niece and husband to that niece, it gave a tract of 40 acres in the same neighborhood to a niece, Evita LaFosse, and whatever else she had was left equally to the three defendants, Alec Vincent, Mary Ella Smith and Sully Vincent. To give a person property in whose home one has preferably lived for 15 or 20 years was not an unnatural bequest. Morris v. Bailey, Tex.Civ.App., 16 S.W.2d 311. It is the natural thing to do. A person is prone to help those who help him. There is nothing that indicates that the defendants, Evita LaFosse or Sully Vincent, had any knowledge of the making of the will until sometime after it was executed. But the plaintiff says that other nieces and nephews have the same right to expect bounty as do the ones deceased preferred. Collateral kin are not natural objects of bounty. Naihaus v. Feigon, Tex. Civ.App., 244 S.W.2d 325 (Ref. N.R.E.); In re Gray's Estate, Tex.Civ.App., 279 S.W. 2d 936 (Ref. N.R.E.).

■ Nothing in the record indicates that the deceased was easily influenced or that either of the defendants were strong willed or in any way attempted to exercise control over her. The question, when stripped of its unessential details, raised in this record seems to be this: Is the issue of undue influence raised by virtue of two of the beneficiaries in a will being the sole means of communication between the deceased and the lawyer who prepared the will? Is this some evidence of fraud? It must be admitted that this could be an apt occasion for misrepresentation and fraud.

■ But does this alone throw the whole case open to the assumption that wrong could have been done when the record raises no suspicion otherwise? Does an opportunity to perpetrate fraud create some evidence that fraud was imposed? It has been held that opportunity for exercise of undue influence is no proof that undue influence was practiced unless attended with other corroborating circumstances. Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511 (W.R.); Pullen v. Ross, Tex.Civ.App., 209

S.W.2d 630 (Ref. N.R.E.). After its execution the will was delivered to deceased. No testimony shows that the deceased either before or after making the will indicated what she wanted to do with her property or who should receive it on her death. It seems, therefore, that only a surmise or suspicion is raised in the present circumstances, and this is insufficient to take the issue to the jury.

Plaintiff relies upon Russell v. Boyles, Tex.Civ.App., 29 S.W.2d 891 and Rounds v. Coleman, Tex.Civ.App., 189 S.W. 1086, and cases of similar import. It is believed these cases are clearly distinguishable from the instant one. In the Russell v. Boyles case the testatrix preferred part of her children over others in the will attacked. She was weak mentally and physically at its execution and had at other times expressed a desire to have all her children share equally. The Rounds v. Coleman case was one in which the testatrix was old and feeble in mind and body, and the financial condition of the beneficiary was considered an important factor. In the present case there was some testimony as to the poor financial condition of two of the cousins, but it was not shown that deceased had knowledge thereof. No testimony showed the worth of either of the defendants.

But there is another reason why the judgment of the lower court should be upheld. The plaintiff in the trial in the District Court offered in evidence the will of the deceased which is in question, along with the affidavit or sworn proof of will of Mr. George M. Sonfield, and the order of the County Court probating this will. These instruments were offered and received in evidence without qualification or limitation of purpose whatever. This being so, plaintiff makes these instruments his own and vouches for the integrity thereof. Freed v. Bozman, Tex.Civ.App., 304 S.W.2d 235 (Ref. N.R.E.); Lock v. Morris, Tex.Civ. App., 287 S.W.2d 500 (Ref. N.R.E.); 17 Tex.Jur. pp. 928, 929.

The judgment of the court below is affirmed.

## On Motion for Rehearing

Plaintiff urges that we erred in the last paragraph of our opinion that by his introducing, without limitation or qualification, the contested will with the order probating it and proof of will, he was bound thereby. Since our holding as indicated is not necessary to the disposition of the case, we withdraw this paragraph of our opinion.

Plaintiff also urges that we erred in not holding the issues of fraud and undue influence were raised sufficiently to be submitted to a jury, and sets out nine items, each of which he contends, raises or tends to raise the issues. We have, however, examined again the statement of facts and believe our original opinion sufficiently sets forth the facts involved, but we will comment on the first item suggested by plaintiff. In this he says that the tract of land left by the will to defendant Mary Ella Smith was a tract that testatrix owned no beneficial interest in, although she held the bare legal title thereto, and that it belonged to the heirs of A. T. Vincent. The testimony on this point appears to be hearsay, confused, and the identity of the land doubtful. But, be that as it may and if it is assumed that plaintiff is right that testatrix did not own the land, it is not apparent how this would aid him in showing fraud or undue influence practiced by any of the defendants. It was not shown whether Mary Ella Smith or other defendant knew that testatrix' title was a bare legal one nor whether testatrix had ever so recognized it. This fact, if it is a fact, could as well, if not better, be shown by plaintiff with the legal title in Mary Ella Smith than if it had remained in the estate of the deceased. We do not see its materiality on the question before us.

The motion for rehearing is overruled.