**STEVENS BROTHERS et al., Appellants,**

v.

**J. W. MILLS et al., Appellees.**

No. 6293.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 11, 1960.

Rehearing Denied June 1, 1960.

James E. Faulkner, Cold Springs, for appellants.

James M. Crane, Conroe, for appellees.

ANDERSON, Chief Justice.

Appellees, J. W. Mills and H. L. Mills, sued for the value of gravel alleged to have been removed by the defendants from ten acres of land in San Jacinto County, a part of the Sarah Goodnow Survey. Joe E. Stevens, Jr., and Elijah (Lige) Stevens, individually and as partners under the name of Stevens Brothers, and also Henry Alsobrooks and Sylvester Wilburn were named as defendants. Trial to the court, without a jury, resulted in a judgment that plaintiffs recover of Stevens Brothers and the partners individually the sum of $3,750 and that they take nothing against defendants Alsobrooks and Wilburn. Stevens Brothers and the two partners comprising it have appealed.

Although appellants have brought forward fifteen points of error, there actually is but one question of consequence to be resolved. It is that of whether an identifiable ten acres of land was described in appellees' petition and in the deed under which appellees claim title, or whether the descriptions are void for uncertainty. We hold the descriptions sufficient.

The question arises because the land was described in each instrument as being the southeast quarter of the southwest quarter of the northeast quarter of the Sarah Goodnow Survey, and appellants claim that because of the shape of the Goodnow Survey neither the quarter of the survey nor the subquarters to which reference was made can be identified. There might be merit to appellants' claim if the land were not otherwise described, because the lines of the Goodnow Survey run as follows: N. 45 E. 2033 varas from the beginning point; thence N. 45 W. 1775 varas; thence S. 45 W. 2033 varas; thence S. 45 E. 1775 varas to the beginning point.

But there is in the petition and in the deed additional descriptive matter which renders certain the ten acres described. The land is described in the petition as being "the same land described in a deed from J. J. Denny to J. W. Mills and H. L. Mills, dated March 30, 1932, and recorded in volume 25 page 515 San Jacinto County Deed Records." It is described in the Denny-Mills deed as being "the same property, among others, conveyed to me [J. J. Denny] by Homebuilders Investment Company, a corporation, on the 8th day of October, 1931, a copy of which is of record in volume 25 pages 255–56 deed records of San Jacinto County, Texas." In the deed to Denny, which was the first of the series of instruments in which the northeast quarter of the Goodnow Survey was referred to, the land thereby conveyed was described as being "the same property conveyed to Homebuilders Investment Company by E. W. Love by deed dated April 18, 1931, and recorded in vol. 24, page 538, Deed Records of San Jacinto County, Texas." The Love deed described a particular 160 acres of land, one quarter of the Goodnow Survey, by metes and bounds. Strictly speaking, the quarter described was perhaps a north rather than a northeast quarter, but when the instruments are construed together there can be no doubt about what the parties to the subsequent instruments were referring to as the northeast quarter nor about the fact that they were treating the northwest line of the Goodnow Survey as the survey's north line.

With the exception of the fifth, the first seven of appellants' points have to do, in one way or another, with the sufficiency of the description of the land. The fifth complains of the overruling of a plea in abatement in which appellants set up that appellees' cause of action, if any, was "barred by the 3, 5, 10, 25, and 2 and 4 year Statutes of Limitations respectively." All seven points are overruled. Limitation was not an issue in the case.

Purporting to act under Rules 791, 792, and 793, Texas Rules of Civil Procedure, appellants demanded before trial that appellees file an abstract of title in the case. Appellees did not comply with the request. By their eighth point, appellants claim that it was therefore error for the trial court to permit appellees to make any showing of title to the land. The point is overruled. The mentioned rules apply to actions of trespass to try title, and the case at bar is not of that nature. See Snow v. Harding, Tex.Civ.App., 180 S.W.2d 965.

By their points nine through fifteen, appellants complain of evidence which was admitted over objections. The points are overruled. If there was any of the evidence which should not have been admitted—a matter on which we express no opinion—it will be presumed that the trial judge disregarded it, there having been other evidence which was amply sufficient to support the judgment. See 3B Tex.Jur., Appeal and Error, Sec. 1043, p. 671. Moreover, the evidence, in the respects complained of, was not of a nature calculated to influence the judgment.

No reversible error having been presented, the judgment of the trial court is affirmed.

## On Motion for Rehearing

In their motion for rehearing, appellants argue that, assuming the legal sufficiency of the land description in the deed under which appellees claim and in appellees' petition, there still is no evidence to show that they removed gravel from the described land. In other words, they argue that the described land was not identified on the ground as the land from which they removed gravel. This, however, is not a matter that has been properly presented for review. No point in appellants' brief raises it specifically, nor does any point assert generally that the judgment is without support in the evidence. We feel constrained to hold, therefore, that ap-

pellants have waived their right to complain of the particular deficiency in the evidence if such there is.

Appellants take the position that the matter is raised by their third and sixth points, but with this we cannot agree. To demonstrate that the points were directed to an entirely different matter, it is only necessary to quote from appellants' brief the explanation that was given as to why points 1, 2, 3 and 6 were briefed together:

"These 4 points are germane one to the other since they all pertain to the patent fact that the purported description of the land made the basis of appellee's (Plaintiffs below) suit is utterly void and describes nothing that can be located on the ground and is patently void on the face of it and cannot be aided by extrinsic evidence even if admissible for that purpose and thus cannot be cured by the evidence. Point 1 in this group is based upon the Plea in Abatement as to the utter lack of description and void description relied upon by appellees; Point 2 is based upon the Special Exception which was entered subject to and without waiving the Plea in Abatement and went to the same patent defect in the description. Point 3 is predicated upon appellants' timely Motion for Judgment on the same ground, the complete lack of description, there being no description either in the pleadings or in the evidence upon which a judgment could be based. Point 6 summarizes the foregoing points; it simply reasserts the above errors of the Court and urges that neither the pleadings nor the evidence are sufficient to support a judgment because of the insufficiency and utter voidness of the purported description of the land and gravel in question. These 4 points, all going to the utter and complete lack of description, are grouped for discussion for the sake of brevity and clarity."

■ A rereading of appellants' brief, in the light of their motion for rehearing, has disclosed that originally we misapprehended the true import of their seventh point. By and under it appellants urge that, aside from the claimed insufficiency of the land description in appellees' pleadings and deed, and aside from the question as to whether the described land was sufficiently located on the ground, appellees failed to prove title to the land or gravel. In this connection they argue that they themselves were shown to be in possession of the land, claiming under a deed; that appellees were therefore under the burden of showing superior title or right to the land and gravel; and that appellees failed to do this, having introduced in evidence only a deed to themselves from J. J. Denny. There might be merit in appellants' contention if they themselves had not introduced in evidence the deed from E. W. Love to Homebuilders Investment Company and the deed from the latter company to J. J. Denny, who granted to appellees. Appellants introduced the deeds unqualifiedly and are therefore bound by them. Vincent v. Vincent, Tex.Civ.App., 320 S.W.2d 217; Freed v. Bozman, Tex.Civ.App., 304 S.W.2d 235; Lock v. Morris, Tex.Civ.App., 287 S.W.2d 500; 17 Tex. Jur., Evidence—Civil Cases, Sec. 419, pp. 928–30, and cases there collated. They did not subsequently acquire appellees' title, nor did they prove that they had acquired a title superior to the one they assisted in showing to be in appellees. Upon the record as made, therefore, appellants' seventh point is without merit, and our original action in overruling it is here reaffirmed.

The other matters dealt with in appellants' motion for rehearing are thought to be sufficiently dealt with in the original opinion. The motion is overruled.