**BRUNSWICK CORPORATION, Appellant,**

**v.**

**SUBURBAN BOWLING, INC., Appellee.**

**No. 4015.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 26, 1965.

Ross, Banks, May & Cron, John A. Cavin, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Fred M. Lange, Houston, for appellee.

COLLINGS, Justice.

Brunswick Corporation brought suit against Suburban Bowling, Inc., seeking a deficiency judgment, on two promissory notes secured by chattel mortgages on bowling equipment. The defendant answered by a general denial and, among other defenses, alleged that the bowling equipment covered by such chattel mortgages had been voluntarily surrendered and delivered by defendant to the plaintiff in August 1963, and accepted by plaintiff under an agreement that plaintiff would accept the equipment in full and complete satisfaction, accord and cancellation of the notes sued upon, and that the defendant was thereby released from further obligation in connection therewith. The trial was before the court without a jury and judgment was rendered that the plaintiff take nothing. Brunswick Corporation has appealed.

Appellant urges two points of error contending that the court (1) erred in admitting the testimony of the witness Samuel E. Dale as to out of court statements of alleged agents of appellant, because such testimony was in violation of the hearsay rule, and (2) in holding that appellant agreed to remove the bowling equipment in satisfaction of the balance owed by appellee on the promissory notes, because such holding is contrary to the great weight and preponderance of the evidence.

 The principal controverted fact issue was whether there was an agreement that appellant was to remove the bowling equipment in satisfaction and accord of the balance owed by appellee on the promissory notes. No findings of fact and conclusions of law were filed by the court, and in support of the judgment it is presumed that the court found the controverted issue of fact against appellant.

The evidence shows that Mr. Dan M. Moody of Houston, Texas, is a stockholder and the president of appellee Suburban Bowling, Inc., hereafter referred to as Suburban, which has operated several bowling establishments, including the Northshore Bowling Lanes. Mr. Moody testified that he had been connected with the bowling business for about seven or eight years since he met Mr. Roy Moore. He stated that during that time he had become accustomed to dealing with companies which sell bowling equipment, particularly with A M F and Brunswick Corporation, referred to as Brunswick. He testified that he was familiar with the business affairs of Suburban, familiar with the books, records and correspondence of the company, and with the fact that appellee had done business with appellant Brunswick; that appellee purchased sixteen bowling lanes and pinsetters from appellant at one time and later bought pool tables and other equipment; that appellee's business relationship with appellant extended from the time such equipment was purchased in 1959 until the bowling alley equipment was turned back to appellant in August of 1963; that appellee still owned pool tables purchased from appellant and was paying therefor according to agreement.

Mr. Moody stated that he represented and still represents appellee, Suburban Bowling; that Mr. Roy Moore was the person at Brunswick with whom he dealt; that he dealt with Moore when he purchased the bowling equipment from Brunswick; that Moore always held himself out as representing and speaking for Brunswick and that he always dealt with Moore when he had business with Brunswick; that when he wanted to buy bowling alley equipment from Brunswick Moore set the price for the equipment and determined the method of payment; that if a problem or dispute arose he contacted Mr. Moore in an attempt to settle the matter and if Brunswick contacted him about any problem or dispute that Moore was the person who made the contact; that at all times during their dealings Moore indicated to him that he had authority to speak for Brunswick. Moody stated that the total amount of money appellee had paid to Brunswick on business done with and through Mr. Moore was about $160,000.00.

Moody stated that he was familiar with the bowling alley equipment in question which had been purchased from Brunswick; that in August of 1963, the equipment was located in Northshore Bowling Lanes, and in excellent condition; that in July of 1963 he contacted Brunswick by oral conversation with Mr. Moore; that he told Moore he would like for them to take such bowling equipment back "and everybody consider that the value of the equipment was worth the remaining debt—and that the debt would be paid in full and everybody happy and released." Moody testified that at that time Moore said they would be glad to come and get the equipment, but said he couldn't promise any definite date of removal; that

Moore's only comment was that he couldn't give a definite date. Moody also stated that thereafter on April 9, 1963, he wrote the following to appellant:

"August 9, 1963

CERTIFIED MAIL NO. 16360 ·
RETURN RECEIPT REQUESTED

Mr. Roy Moore
Brunswick Corporation
1322 North Industrial
Dallas, Tex.

Dear Roy:

Re: Suburban Bowling, Inc.

As you and Mr. Canaby in your home office both know, this company is not able to make the payments on your lanes and pinsetters at the Northshore Bowling Lanes.

This is a request that your company immediately remove your lanes and pinsetters on a mutual agreement of full release of all parties concerned.

I will appreciate your expediting this request at the earliest possible date.

Yours very truly,

SUBURBAN BOWLING, INC.

BY:

Vice President

DMM :mbs
CC: Mr. Canaby
Brunswick Corporation
623 South Wabash
Chicago, Illinois
(Cert. Mail No. 16361)

CC: Mr. John H. Crooker, Jr."

Mr. Moody stated that he had received some correspondence from Brunswick signed by Mr. Canaby and that he sent Canaby a copy of the letter as indicated by the notation at the bottom thereof. The evidence shows that the bowling equipment was removed about the 22nd day of August 1963. This suit was brought by appellant on December 29, 1964.

Mr. Moore denied that he ever agreed with Suburban to remove the bowling alley equipment in satisfaction and accord of the balance owing on the promissory notes. Mr. Moody and another witness testified that on March 5, 1965, a conference was held at the office of appellant's attorneys in Houston at which attorneys for both parties, he and Mr. Moore, were present; that at such conference Moore was shown a copy of the above letter dated August 9, 1963, and he admitted that Brunswick took back the equipment pursuant to such letter. Moore admitted that he received the letter from Mr. Moody dated August 9, 1963, but he denied that he admitted at the conference on March 5, 1965 that he took the bowling alley equipment back pursuant to such letter. The evidence also shows that appellant, through a Chicago attorney, by a letter dated August 22, 1963, informed Suburban that its indebtedness on the bowling alley equipment was delinquent and demanded payment; that such letter warned appellee that if payment was not received within

ten days action would be instituted to repossess such equipment and also to obtain a deficiency judgment. Mr. Moody testified that he answered this letter immediately. He stated that from that time in August 1963 until suit was brought on December 29, 1964, appellant never made any demand or claim on appellee for any money or deficiency on the notes sued upon.

In our opinion the presumed finding by the court that Brunswick agreed with Suburban to remove the bowling alley equipment in satisfaction and accord of the balance owed thereon is supported by the evidence and is not against the great weight and preponderance of the evidence. The evidence shows that there is and was at the trial a dispute concerning the value of the bowling alley equipment at the time of its removal. Moody in oral conversation with Moore requested the removal of such equipment in accord and satisfaction of Suburban's debt thereon. Moody by his letter to Moore requested that such equipment be removed by Brunswick "on a mutual agreement of full release of all parties * * *". It is undisputed that the equipment was removed soon thereafter. Moore does not deny the oral and written requests of Moody for the removal of the equipment in satisfaction of the debt, but does deny any agreement of accord and satisfaction. There is no evidence, however, that Moore informed Moody that the removal was not being made pursuant to and in compliance with the oral and written requests. There is evidence to the effect that Moore later admitted that the removal was made pursuant to Moody's letter. Based upon a consideration of the record as a whole we are of the opinion that the court's presumed finding against appellant in this connection is supported by sufficient evidence and that such finding is not against the great weight and preponderance of the evidence. The return of the mortgaged alley equipment was a valid and sufficient consideration for the agreement by Brunswick to cancel Suburban's debt thereon. Weathered v. Meek, Tex.Civ.

App., 258 S.W. 516; Mansell Bros. v. Kruse, Tex.Civ.App., 173 S.W.2d 461.

No reversible error is presented in appellant's points complaining of the action of the court in admitting the alleged hearsay testimony of Samuel E. Dale. The testimony by Dale concerns statements by unnamed parties supposed to have been agents of appellant to the effect that the equipment was being removed in satisfaction of the debt owed Suburban. Dale's testimony concerning such declarations was merely cumulative of other evidence which amply supports the court's findings and the judgment. Even if the evidence complained of was inadmissible, as appellant contends, the trial was before the court without a jury and it is presumed that the court did not consider it. No reversible error is shown. Whitener v. Traders and General Ins. Co., 155 Tex. 461, 289 S.W.2d 233; Stevens Brothers v. Mills, Tex.Civ.App., 336 S.W.2d 921, (Ref.N.R.E.).

The judgment is affirmed.