ALEXANDER & POLLEY CONSTRUC-
TION CO., Inc., Appellant,

v.

W. A. SPAIN et ux., Appellees.

No. 587.

Court of Civil Appeals of Texas,
Tyler.

Jan. 27, 1972.

William D. Winston, Lufkin, for appellant.

Sallas, Griffith & Meriwether, Joe E. Griffith, Crockett, for appellees.

MOORE, Justice.

Appellees, W. A. Spain and wife, brought this suit against Alexander and Polley Construction Co., Inc., appellant, to recover for the agreed price of fill dirt sold to the appellant corporation. Appellees alleged that they agreed to sell and appellant agreed to purchase and remove from appellees' premises all fill dirt needed by appellant at the agreed price of $0.15 per cubic yard. That pursuant to such agreement appellant removed the fill dirt but failed and refused to pay appellees a balance due and owing under the contract in the amount of $3,476.90. After a trial before the court, sitting without a jury, the trial court rendered judgment for appellees for the sum of $3,287.36, from which judgment appellant duly perfected this appeal. We affirm the judgment of the trial court.

The record is before us by way of a statement of facts only, without findings of fact or conclusions of law.

By the first point, appellant urges that the cause of action is barred by the two-year statute of limitations. Article 5526, Vernon's Ann.Tex.St. In this regard the record shows that the parties entered into an oral contract for the sale and removal of the dirt in the latter part of 1964 or early 1965. The agreement was that the appellant would be permitted to enter upon appellees' premises and remove all the dirt needed by the appellant upon a construction project and that appellees were to be paid at the rate of $0.15 per cubic yard. No agreement was made as to the amount of the dirt to be removed and there was no limitation as to the time of removal or time for payment. Appellant urges that the evidence shows that appellant removed all of the dirt prior to June, 1965, and since suit was not filed until June 30, 1967, appellees' claim was barred

by the two-year statute of limitations. After a careful review of the record, we find that we cannot agree with the proposition that all of the dirt was removed prior to 1965. Jack Alexander, appellant's agent in charge of removing the dirt, admitted that he took 186 loads at some undisclosed date after June of 1965.

■ As we view the record, the parties clearly contemplated a continuing contract, i. e., the contract was to continue until appellant had taken all of the dirt needed upon the construction project. Where a continuing contract is contemplated, the cause of action for the breach thereof does not accrue until final completion thereof. St. Louis Southwestern Ry. Co. of Texas v. Davy Burnt Clay Ballast Co., 288 S.W. 855 (Tex.Civ.App., Dallas, 1926, n. w. h.); City and County of Dallas Levee Improvement Dist. v. Halsey, 202 S.W.2d 957 (Tex.Civ.App., Amarillo, 1947, n. w. h.). The right to demand full payment under the contract could not accrue until appellant had taken all dirt needed and the amount thereof had been finally determined. The contract was not completed until some time after June of 1965. The suit was commenced June 30, 1967, and therefore was commenced within the two year limitation period provided by statute. For the reasons stated, appellant's first point is overruled.

By the second, eleventh and fourteenth points appellant urges that the evidence fails to show a balance due and owing and that the judgment awarding appellees a recovery is not supported by the evidence.

■ By awarding appellees the sum of $3,287.36, the trial court, by implication, found the debt to be due and owing. Since no findings of fact or conclusions of law were requested or filed, it must be presumed that the trial court resolved in appellees' favor every issue of fact raised by the evidence, and in passing upon the "no evidence" points, we must view the evidence in the light most favorable to such finding, disregarding all evidence that is contrary thereto. Collingsworth v. King, 155 Tex. 93, 283 S.W.2d 30 (1955); Quinn v. Dupree, 157 Tex. 441, 303 S.W.2d 769 (1957); 11 A.L.R.2d 1065. In this connection the record shows that neither party kept any records of the amount of the dirt removed. In determining the amount of dirt removed, appellees employed the engineering firm of Kirkland Engineering Company. The firm made two surveys of appellees' property for the purpose of determining the amount of dirt removed. The first survey was made by Winston Kirkland some time prior to June, 1965, and the second survey was made by E. H. Kirkland in September, 1966. Both men were deceased at the time of trial. Victor Hodges, a witness called by appellees, testified that he was the crew chief for the firm at the time both surveys were made. He testified that he did all of the work and neither of the Kirklands participated in the survey. The first survey was made some time prior to June of 1965. After this survey was made, he testified he took all of the figures to the company offices and together with Winston Kirkland calculated the amount of dirt that had been removed at that time and prepared a report to be submitted to Mr. Spain. He testified that he prepared the report and was familiar with the amount of the dirt removed as of that date. He further testified that at some subsequent date, he and Mr. Spain carried the report to the offices of Mr. Spain's attorney; that Mr. Spain's attorney took down the information from the report showing the amount of the dirt removed prior to June, 1965. Both Victor Hodges and W. A. Spain testified that they saw the attorney take all of the figures down and accurately transpose the figures upon a separate piece of paper which he kept in his file. Upon the trial,

Mr. Spain testified he had lost his copy of the report. Victor Hodges testified that after the death of the Kirklands the engineering firm had gone out of business and all of the original records had been destroyed. Over the objection of appellant's counsel, the handwritten instrument taken from the attorney's file was exhibited to Victor Hodges while on the witness stand and he identified it as being the same instrument appellees' attorney had prepared by copying from the original engineering report. Over the further objection by counsel that the instrument constituted hearsay, the court admitted it into evidence. After refreshing his memory therefrom, Hodges was permitted to testify as to the results of the 1965 survey. According to Hodges' testimony, 11,293 cubic yards of dirt were removed prior to June of 1965. Appellant's counsel then offered in evidence a copy of the second survey dated September 15, 1966, signed by E. H. Kirkland. According to this survey, 6,695.71 cubic yards of dirt were taken from the east side of the creek and 17,083.65 cubic yards were taken from the west side of the creek. It is without dispute that sometime in the latter part of 1966, Jack Alexander took 186 loads or 930 cubic yards of top soil from the premises. Thus, according to the evidence offered by appellees, a total of 36,002.36 yards were removed by appellant. It is also without dispute that appellant paid appellees the sum of $2,000 and that appellant was entitled to a credit of the sum of $210 for the use by appellees of some of appellant's equipment. The trial court apparently relied upon these calculations in rendering judgment for appellees in the sum of $3,287.36. Jack Alexander, appellant's agent, disputed the calculations made by Hodges. He testified that the company took only approximately 12,000 cubic yards and that the $2,000 paid by the company was sufficient to cover the contract price of all dirt taken and consequently nothing was due and owing. When viewed in a light most favorable to the appellees, we believe the evidence offered by appellees supports the trial court's implied finding that a debt was due and owing. At most, the testimony was conflicting. In these circumstances the credibility of the witnesses and the weight to be given their testimony was for the trier of the fact. Appellant's "no evidence" points are therefore overruled.

By points four, five, six and seven, appellant urges that the instrument prepared by appellees' attorney showing the amount of dirt taken in the 1965 survey constituted hearsay and that the trial court erred in admitting same into evidence. Appellant also urges that the court erred in permitting the witness, Victor Hodges, to refresh his memory therefrom and testifying because he was not an engineer or expert in the field of surveying. Appellant's objection to the handwritten memorandum was made on the ground that it was hearsay. While it may be conceded that the memorandum itself constituted hearsay and was inadmissible as direct evidence, we think it constituted a written memorandum of a past recollection recorded. McCormick & Ray, Texas Law of Evidence, 2d Edition, secs. 543–545. In view of the fact that the record shows that the original engineer's report had been lost and in view of Hodges' testimony showing that he compiled the original report and that the figures shown thereon were accurately copied from the original report, we believe the trial court properly permitted him to refresh his memory therefrom and testify as to what the 1965 survey revealed. The mere fact that the instrument was admitted into evidence would not constitute reversible error. In cases tried before the court without a jury, the settled rule is that the appellate court must presume that the trial court considered only admissible evidence if there is any evidence in the record to support the trial court's judgment. Brunswick Corporation

v. Suburban Bowling, Inc., 398 S.W.2d 294 (Tex.Civ.App., Eastland, 1965, n. w. h.) ; Day v. Crutchfield, 400 S.W.2d 377 (Tex. Civ.App., Texarkana, 1965, dism.). Nor do we believe any error is shown in the overruling of appellant's objection to the testimony of Hodges on the ground that he was not shown to be an expert. A witness may qualify as an expert by reason of special knowledge acquired through experience or study. McCormick & Ray, Texas Law of Evidence, Volume 2, Page 233. Hodges testified he had been doing this same type of engineering and survey work for approximately five years. Whether or not a witness is so qualified is a matter to be determined by the court and his determination will not be disturbed in the absence of abuse of discretion. We are not prepared to hold that the trial court abused his discretion.

While the court may have erred in permitting appellee, W. A. Spain, to also testify from the memorandum, we think the error, if any, was harmless. The testimony of Hodges, standing alone, is sufficient to support the judgment. Therefore Spain's testimony was merely cumulative of that given by Hodges and consequently no harm could have resulted to appellant. Rule 434, Texas Rules of Civil Procedure; Whitener v. Traders and General Ins. Co., 155 Tex. 461, 289 S.W. 2d 233 (1956).

After having made a careful review of all the evidence, we find that we are unable to agree with appellant's contention that the judgment is against the overwhelming weight and preponderance of the evidence. Appellant's points three and twelve are therefore overruled.

All remaining points brought forward by appellant have been considered and found to be without merit.

Finding no reversible error, the judgment of the trial court is affirmed.