Bobby L. ELROD, Appellant,

v.

Martin Dale ELROD, Sr., Appellee.

No. 912.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 31, 1974.

Roger C. Butler, Corpus Christi, for appellant.

Reese D. Wade, Newton & Handley, Beeville, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal by the wife from the judgment entered in a divorce action. After a trial to the court without a jury, the trial court entered a judgment granting to the husband a divorce, granting to the wife custody of the child of the marriage, dividing the property of the parties, and providing child support. Findings of fact and conclusions of law were filed by the trial court. Most of the findings and conclusions are attacked by the wife.

The wife-appellant challenges: 1) the division of the property as being an abuse of discretion; 2) the award of child support as being less than husband's ability to pay; 3) the granting of the divorce as not being insupportable.

The parties were married August 28, 1947. Their minor child, a boy, was 16 years old at the time of trial. They acquired substantially all their property during their marriage; neither party urges to the contrary. Of their property and debts the wife was awarded the following items of the total net value of $64,438.52.

1. The home, situated on 9.45 acres, with its indebtedness.

2. All the furnishings in the home.

3. The riding lawnmower.

4. The 1973 Pontiac automobile.

5. All jewelry, clothing and the personal effects in her possession.

6. The hunting house at the Galvan Ranch.

7. All silver coins in the lock deposit box.

8. A promissory note to her executed by the husband in the amount of $28,000.00, payable in ten annual installments of $2,000.00 plus 8% interest.

The husband was awarded the following items of the net value of $56,477.66:

1. A tract of 176.16 acres with its indebtedness.

2. The 1971 Commodore mobile home with its indebtedness.

3. The 1974 Dodge pickup with its indebtedness.

4. The stock trailer.

5. The 1964 International Scout automobile.

6. The 1962 Dodge.

7. Cattle with their indebtedness.

8. Cedar chest, round table, clock, tools, spray pump and personal effects in his possession.

9. Grazing lease.

Ten days after the close of the trial on the merits, appellant sought to re-open the evidence on motion for judgment (motion heard May 31, 1974). The trial court denied this motion. She complains of this denial.

■ Appellant, in point 1, contends that the trial court's refusal to admit into evidence and consider various documents introduced at the motion for judgment was an abuse of discretion. The trial on the merits was concluded on May 21, 1974. Appellant's motion for rehearing on May 31, 1974 was addressed to the sound discretion of the trial court. Highlands Underwriters Insurance Company v. Martin, 442 S.W.2d 770 (Tex.Civ.App.—Beaumont 1969, n. w. h.); Red Top Taxi Company v. Snow, 452 S.W.2d 772 (Tex.Civ.App.—Corpus Christi 1970, n. w. h.); Wofford v. Miller, 381 S.W.2d 640 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.). The trial court may permit additional evidence to be introduced where it clearly appears to be necessary to the due administration of justice. Rule 270, Texas Rules of Civil Procedure. The documents which appellant sought to introduce fall into three categories: first, those documents which are merely cumulative of the evidence adduced at the prior trial on the merits; second, those documents which were not properly admissible due to a lack of authentication or failure to establish a predicate for their admissibility; third, those documents which simply have no evidentiary value. Appellant failed to demonstrate diligence on her part in producing this evidence at the trial on the merits. See *Highlands Underwriters,* supra. We hold that none of these documents would further the administration of justice and were properly excluded. Appellant's point 1 is overruled.

■ Appellant contends, in her point 11, that the trial court erred in finding that the marriage of the parties had become insupportable due to discord and conflict of personalities. This finding is supported by appellee's testimony that he and appellant had ceased to live together as husband and wife in October 1973. He further testified that they were unable to communicate and reach a common understanding. Talks of reconciliation were fruitless. The parties stipulated that appellee was guilty of extra-marital activities. This Court has previously held that the cumulative effect of these factors may be sufficient to support a finding of insupportability within the purview of § 3.01, Family Code, V.A.C.S.; Cusack v. Cusack, 491 S.W.2d 714 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd). The sufficiency of the evidence necessary to establish insupportability is left to the discretion of the trial court and such exercise of discretion is indulged every favorable presumption. *Cusack,* supra. Despite appellee's denial of insupportability, we cannot say that the trial court's judgment evidences a clear abuse of discretion. Appellant's point 11 is overruled.

■ In her point 10, appellant complains of the amount of the child support award.

The decree of divorce orders appellee to contribute $150.00 per month as child support, and to pay all rodeo fees, feed bills, and gasoline expenses incurred by his minor son in pursuit of his rodeo activities. Appellant has made no showing that this is inadequate. Appellant has not .even briefed her contention that such award was an abuse of discretion. For the reasons that there has been no showing of abuse of discretion and that appellant has not briefed this point, it is hereby overruled. Aetna Casualty & Surety Company v. Depoister, 393 S.W.2d 822 (Tex.Civ.App.— .Corpus Christi 1965, writ ref'd n. r. e.); Hartford Fire Insurance Company v. Christianson, 395 S.W.2d 53 (Tex.Civ.App. —Corpus Christi 1965, writ ref'd n. r. e.).

Appellant's points of error 2, 3, 4, 5, 6, 8, 15, 16, 17, 19, 21, 22, 23, and 24 complain of the trial court's division of the chattels, cash, real estate, and cattle of the community estate.

■ The trial court did not make any provisions for the disposition of cash on hand. The amount of cash was estimated to be $1500.00. This creates a tenancy in common between the parties as to such funds in existence at the time of the divorce. Busby v. Busby, 457 S.W.2d 551 (Tex.Sup.1970).

■ The trial court found that the value of the homestead tract (approximately 9.45 acres) was $35,000.00. The evidence on this issue is conflicting. Appellee, a qualified real estate appraiser, established a value of $40,000.00 for the homestead tract. This opinion was based on his experience and knowledge of the tract in question. Such evidence is competent. Thompson v. Thompson, 380 S.W.2d 632 (Tex.Civ.App.–Fort Worth 1964, n. w. h.); Hodges v. State, 403 S.W.2d 207 (Tex. Civ.App.—Texarkana 1966, writ ref'd n. r. e.). Appellant's expert witness, Mr. Slay, set a value of $20,500.00. He stated that comparable sales were scarce. It is a well established rule of law that expert testimony does not establish any material fact as a matter of law. *Hodges,* supra; Hall v. Brown, 398 S.W.2d 404 (Tex.Civ.App.— Waco 1966, n. w. h.). It is for the trier of fact to determine the value from the evidence. In doing so, the trial court could reasonably find a value more than that established by appellee's witness and less than that set by appellant. When we view only the evidence in favor of the trial court's judgment, it is clear that there is evidence which supports such judgment. Further, we hold that the trial court's finding is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.

■ The trial court also established the value of the 176.16 acre ranch to be $40,000.00. This is the value set by the appellee on said tract. Appellant's own witness, Mr. Slay, established the value of said tract at $39,500.00. The unaccepted in-court offer of Mr. Davis to purchase said tract for $52,500.00 was inadmissible. Glenn v. Gidel, 496 S.W.2d 692 (Tex.Civ. App.—Amarillo 1973, n. w. h.); Redding v. Ferguson, 501 S.W.2d 717 (Tex.Civ. App.—Fort Worth 1973, writ ref'd n. r. e.). It is presumed that the trial court disregarded this information. Stevens Brothers v. Mills, 336 S.W.2d 921 (Tex.Civ. App.—Beaumont 1960, writ ref'd n. r. e.).

The trial court found that the liens on the homestead tract and the ranch were $5,011.48 and $5,020.00, respectively. These figures are supported by an exhibit which was admitted into evidence without objection. The appellee was awarded the 176.16 acre ranch which had a net value of $34,980.00. Appellant was awarded the homestead tract, which has a net value of $29,988.52. The award to appellant appears particularly appropriate in light of her need to provide a home for her son.

■ Although the trial court could have set the homestead tract aside to appellee and not considered its value in dividing the estate of the parties; could have partitioned the homestead between appellant and appellee; could have divided the

acreages of the respective tracts in kind; or could have given appelleee an undivided ½ interest in the homestead tract and partitioned the 176.16 acre tract between the parties does not prove that the failure (complained of in appellant's points 5, 6, 8 and 19) to take any of these alternative actions constituted a clear abuse of discretion.

The trial court found that the cattle owned by the community were valued at $83,015.00. This finding is supported by the testimony of Mr. Dougherty, a cattle buyer and rancher, who testified about the appraisal which he prepared. Although this evidence is contradicted by testimony of Mr. Davis who appraised the value of the cattle to be $91,655.00, we cannot say that Mr. Dougherty's testimony is no evidence of the value of the cattle. Further, a finding which coincides with the testimony of Mr. Dougherty is not against the great weight and preponderance of the evidence. The trial court found that the cattle were security for indebtedness in the amount of $41,362.34. This finding appears to be a mistake. The testimony is that the lien on said cattle is $41,652.61. This corrected lien would yield a net value of $41,362.39. This mistake, in view of the total value of the estate, is insignificant. Appellant's share of the net value would be $20,681.19. Appellant, however, was awarded a promissory note of $28,000.00. This note is secured by a lien on real estate awarded to appellee. The fact that the trial court could have divided the cattle equally between the parties does not indicate to us an abuse of the trial court's discretion.

The trial court awarded all household goods to appellant. The court found those items to be valued at $4,000.00. This finding is supported by testimony of appellee. The testimony of appellee on this matter was sharply criticized by appellant's attorney. Appellant testified that several objects of furniture were old. We are unable to find any testimony by appellant, or any of her witnesses, which establishes a value lower than $4,000.00. In argument, appellant's attorney remarked that the property was worth only $1,000.00. This statement did not constitute testimony. Thus, there is evidence to support the trial court's finding and such cannot be said to be against the great weight and preponderance of the evidence where there is no other evidence upon which the trial court could draw a different inference. Appellant was awarded a riding lawnmower valued at $200.00. This finding is supported by appellee's testimony. This testimony is uncontradicted. Appellant was also awarded a 1973 Pontiac automobile valued at $2,250.00. This finding is borne out by appellee's testimony and an exhibit. This evidence is also uncontroverted. The total value of these chattels awarded to appellant is $6,450.00.

Appellant was awarded a mobile home, in which he lives, valued at $3,500.00. There is a lien on said mobile home, however, in the amount of $2,180.00. The value and the amount of the lien are uncontroverted. A 1974 Dodge pickup worth $4,621.50 was awarded to appellant. It has a lien on it in the amount of $2,821.50. These facts are also uncontroverted. Appellant was awarded a 16' x 5' stock trailer valued at $1,700.00, a 1964 International Scout vehicle valued at $300.00, and a 1962 Dodge pickup valued at $100.00. The evidence supports these findings. This evidence is uncontroverted with the exception of a vague reference by appellant to the fact that appellee "told her" that the "Scout" was worth $600.00. This statement is hearsay and is not evidence. Thus, appellant was awarded chattels valued at $5,220.00.

By her point 4, appellant attacks the failure of the trial court to grant her a larger award to compensate for her lack of earning power. She alludes to a community business which has a gross value of $160,000.00. We are unable to ascertain evidence of such value. The only direct evidence of appellee's future earning capacity is based solely upon his continued employment as a real estate appraiser for the State of Texas. Appellant's attorney

extrapolated appellee's earnings to age 65. The figure reached was $125,000.00. In light of the uncertainty of appellee's continued employment in that field and the inability of the witness Martin, an accountant, to accurately determine the earning capacity of the parties' cattle business, it was not a clear abuse of discretion for the trial court to refuse to make a specific award to offset a relatively speculative disparity in earning power.

One further award of property must be examined. That is the award of the remaining term of a lease of 10,000 acres of pasture land to appellee. The trial court valued this lease at $5,625.00. The indebtedness found to exist on said lease was $3,000.00. We can find no direct testimony establishing the accuracy of these figures. Both appellee and appellant, however, testified that the cost of this lease was from $1.35 to $1.50 per acre. Further, there is income of 75¢ per acre from deer hunters. Appellant testified that he borrowed $6,575.00 to pay on the lease. We are unable to determine the formula used by the trial court in reaching its finding. Nevertheless, the determination of value has not been shown to be a clear abuse of discretion.

In ruling on the propriety of the division of the estate of the parties, the trial court is not required to make an equal division of the property of the parties. *Cusack,* supra; Roberson v. Roberson, 420 S.W.2d 495 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.). Further, it is presumed that the trial court correctly exercised its discretionary powers in dividing the estate of the parties. *Cusack,* supra; Becknell v. D'Angelo, 506 S.W.2d 688 (Tex.Civ.App.—Fort Worth 1974, writ dism'd). The trial court's ruling will not be interfered with unless it is shown to be manifestly unfair. *Roberson,* supra. Even where the division of the property is greatly disproportionate, it is the appellant's burden to show that there is no rational basis for the division made by the trial court. In the case at bar, there is no such disproportionate award. Based upon findings which are supported by legally and factually sufficient evidence, appellant has received property with a net value of $64,438.52. Appellee has received property with a net value of approximately $56,477.-66.

We hold, therefore, that appellant has failed to show any abuse of discretion by the trial court. Appellant's points of error 2, 3, 4, 5, 6, 8, 15, 16, 17, 19, 21, 22, 23 and 24 are overruled.

In her point 7, appellant complains that the trial court erred in permitting unaccepted offers to purchase the homestead tract to be introduced into evidence. As heretofore pointed out, such offers are not admissible. *Redding,* supra; *Glenn,* supra. Where there is other evidence to support the trial court's finding, it is presumed that the trial court disregarded the inadmissible testimony. *Stevens Brothers,* supra. Appellant's point 7 is overruled.

Points 12 and 14 attack the failure of the trial court to find certain additional facts and to make certain additional conclusions of law. Further, these points attack the sufficiency of the evidence to support the three additional requested findings which the trial court did make. Appellant's request for additional findings of fact and conclusions of law were filed more than five days after the original findings and conclusions of the trial court were filed. In failing to comply with Rule 298, T.R.C.P., appellant has waived her right to complain of either the additional findings made by the trial court or the refusal of the trial court to make other requested findings. Vanity Fair Properties v. Billingsley, 469 S.W.2d 453 (Tex.Civ. App.—San Antonio 1971, writ ref'd n. r. e.); Continental Trailways, Inc. v. McCandless, 450 S.W.2d 707 (Tex.Civ.App.— Austin 1969, n. w. h.). Points 12 and 14 are overruled.

Appellant's point of error 18 seeks reformation of the trial court's judgment. Since we find no abuse of discretion by

the trial court, this point of error is overruled.

Appellant's point 20 complains that the findings of fact by the trial court are against the great weight and preponderance of the evidence. Appellant has not there distinctly pointed out the findings of which she complains. We have thoroughly discussed the significant findings made by the trial court and found them supported by ample evidence. All findings not specifically discussed heretofore have been by us considered. We hold they are not against the great weight and preponderance of the evidence. Point 20 is overruled.

Appellant argues in her point 13 that there is no evidence to support the conclusions of law reached by the trial court. We disagree for the reasons we have set out in the discussion of the appellant's other points. Point 13 is overruled.

The judgment of the trial court is affirmed.