NUMBER 13-04-00540-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MARIA G. CRUZ, A/K/A MARY G. CRUZ, Appellant,


v.



RAYMOND T. CRUZ, Appellee.

 


On appeal from the 206th District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Hinojosa



 After a bench trial, the trial court rendered and signed a final decree of divorce. In
three issues, appellant, Maria G. Cruz, a/k/a Mary G. Cruz, contends the trial court abused
its discretion in (1) dividing the community estate, (2) denying her motion for new trial
without allowing her to present evidence on the motion, and (3) denying her motion for new
trial. We affirm.

A. Factual and Procedural Background


 Maria and appellee, Raymond T. Cruz, were married in January 1991. On January
9, 2004, Raymond filed a petition for divorce. There were no minor children of the
marriage. There were two pieces of real estate at the center of the divorce: (1) a 7.5 acre
parcel; and (2) a 10.5 acre parcel, which included the parties' homestead. The 7.5 acre
parcel was purchased in 1996 for $16,875.00. Raymond owned five acres of the 10.5 acre
parcel, as well as the half-acre homestead and house, prior to the marriage; the remaining
five acres of the 10.5 acre parcel were purchased in June 1991 for $12,731.48. There
were no liens on either piece of property at the time of divorce.

 Maria testified that in her opinion the 7.5 acre parcel was worth around $50,000 and
the 10.5 acre parcel was worth around $70,000. Raymond testified that he had never
heard anyone offer that much money for the land. He submitted an inventory on March 16,
2004, valuing the 7.5 acres at $2,500 per acre (making the 7.5 acre parcel worth a total of
$16,250). The two real estate parcels were not professionally appraised prior to trial. 
Other marital property included a 2002 Chevy Silverado, a 1995 Ford Escort, a 1992 Buick
Roadmaster, three cemetery plots, and Raymond's county retirement plan.

 In the June 25, 2004 divorce decree, the trial court awarded Raymond (1) the 2002
Chevy Silverado, (2) the 10.5 acre parcel, (3) the 7.5 acre parcel, and (4) his county
retirement plan, less a one-half interest accrued during the marriage. The trial court
awarded Maria (1) a one-half interest in Raymond's retirement plan accrued during the
marriage, (2) the 1992 Buick Roadmaster, (3) the 1995 Ford Escort, (4) all the furniture
(most of which was hers prior to the marriage), (5) the three cemetery plots, and (6)
maintenance of $307.80 per month for a three-year period. The court ordered Raymond
to pay Maria (1) $8,792.50 for her interest in the 7.5 acre parcel, and (2) $6,365.75 for her
interest in the 10.5 acre parcel. The trial court ordered Maria to pay Raymond $2,129 for
his interest in the cemetery plots. Neither side requested findings of fact, and none were
issued. 

 On July 20, 2004, Maria filed a motion for new trial. In support of her motion, Maria
attached the affidavit of a real estate appraiser who appraised (1) the 7.5 acre parcel at
$44,500, (2) 10 acres of the 10.5 acre parcel at $52,350, and (3) the remaining one-half
acre of the 10.5 acre parcel and the homestead located thereon at $32,400. Maria's
motion for new trial was denied on September 8, 2004. This appeal followed. 

B. Standard of Review


 In a divorce proceeding, the trial court has wide latitude in the exercise of its
discretion in dividing marital property and that division will only be overturned on appeal
when an abuse of discretion is proven. Zieba v. Martin, 928 S.W.2d 782, 790 (Tex.
App.-Houston [14th Dist.] 1996, no writ); Dankowski v. Dankowski, 922 S.W.2d 298, 304
(Tex. App.-Fort Worth 1996, no writ). The mere fact that a trial judge may decide a matter
within his discretionary authority differently than an appellate judge is not an abuse of
discretion. Jones v. Jones, 804 S.W.2d 623, 624 (Tex. App.-Texarkana 1991, no writ). 
We will not reverse a trial court's division of property unless we determine it to be
"manifestly unjust and unfair." Mann v. Mann, 607 S.W.2d 243, 245 (Tex. 1980);Vandiver
v. Vandiver, 4 S.W.3d 300, 303 (Tex. App.-Corpus Christi 1999, pet. denied).

C. Discussion


1. Division of Marital Estate


 In her first issue, Maria contends the trial court abused its discretion in dividing the
marital estate.

 In a decree of divorce or annulment, the court shall order a division of the estate of
the parties in a manner that the court deems just and right, having due regard for the rights
of each party. Tex. Fam. Code Ann. § 7.001 (Vernon 2005). The trial court is presumed
to have properly exercised its discretion in dividing the assets of a marriage. Murff v. Murff,
615 S.W.2d 696, 699 (Tex. 1981); Saldana v. Saldana, 791 S.W.2d 316, 319 (Tex.
App.-Corpus Christi 1990, no writ). The party complaining of the division must be able to
demonstrate from the record that the division was so unfair and unjust as to constitute an
abuse of discretion. Zieba, 928 S.W.2d at 790. We must indulge every reasonable
presumption in favor of the trial court's proper exercise of its discretion. Vannerson v.
Vannerson, 857 S.W.2d 659, 669 (Tex. App.-Houston [1st Dist.] 1993, writ denied). 
Because no findings of fact were requested or filed in this case, we must presume that the
trial court made all necessary findings to support its judgment if there is any evidence in
the record to support such a judgment. See Allen v. Allen, 717 S.W.2d 311, 313 (Tex.
1986). We must affirm the judgment if it can be sustained on any legal theory that finds
support in the record. See id.

 Although the trial court is not required to divide the community estate equally, its
division must be equitable, and there must be some reasonable basis for an unequal
division. See Zieba, 928 S.W.2d at 790. The trial court may consider many factors,
including the parties' earning capacities, education, business opportunities, physical
condition, financial condition, age, size of separate estates, and the nature of the property. 
See Zorilla v. Wahid, 83 S.W.3d 247, 252 (Tex. App.-Corpus Christi 2002, no pet.); Murff,
615 S.W.2d at 699. The value of community assets is generally determined at the date
of divorce or as close to it as possible. Handley v. Handley, 122 S.W.3d 904, 908 (Tex.
App.-Corpus Christi 2003, no pet.); Grossnickle v. Grossnickle, 935 S.W.2d 830, 837 (Tex.
App.-Texarkana 1996, writ denied).

 An owner may testify to the value of his property if he declares that he knows its
market value. Mata v. Mata, 710 S.W.2d 756, 758 (Tex. App.-Corpus Christi 1986, no
writ). Where the uncontested evidence establishes only one value, the trial court cannot
draw a different inference. Id. at 758 (citing Elrod v. Elrod, 517 S.W.2d 669, 674 (Tex. Civ.
App.-Corpus Christi 1974, no writ)). When several values are given, or a witness
concedes that the value may be higher or lower than his estimate, the court's finding on
value should be within the range of values in evidence. Id. at 758. 

 The trial court heard testimony valuing the 7.5 acres at $16,250.00, according to the
Raymond's inventory, and $50,000, according to Maria's opinion. The court ordered
Raymond to pay Maria $8,792.50 for her interest in the 7.5 acres. Maria also testified that
in her opinion, the 10.5 acre parcel was worth $70,000, but conceded that Raymond had
bought 5.5 acres of the land and the house prior to their marriage. Raymond entered into
evidence the deed of trust on the remaining five acres of the 10.5 acre parcel, showing that
it was purchased in June 1991 for $12,731.48. The court ordered Raymond to pay Maria
$6,365.75 for her interest in the 10.5 acre parcel. 

 It appears that the trial court believed Raymond's appraisal of the land instead of
Maria's speculation, as was within its discretion. Additionally, the trial court awarded Maria
two of the three cars, spousal maintenance for three years, and the three cemetery plots,
as well as her separate furniture. The trial court also ordered Maria to pay Raymond
$2,129 for his interest in the cemetery plots.

 Because we conclude that this division is not manifestly unjust or unfair, we hold
that the trial court did not abuse its discretion in dividing the parties' marital estate as it did. 
Maria's first issue is overruled.

2. Motion for New Trial


 In her second issue, Maria contends the trial court abused its discretion by denying
her motion for new trial without allowing her to present evidence on the motion.

 After raising this issue, Maria failed to address it in her argument section. The rules
of appellate procedure require Maria's brief to contain "a clear and concise argument for
the contentions made, with appropriate citations to authorities and to the record." Tex. R.
App. P. 38.1(h). Because she failed to do so, we hold Maria waived this issue. Maria's
second issue is overruled.

 In her third issue, Maria contends the trial court abused its discretion in denying her
motion for new trial which included an affidavit of a real estate appraiser certifying the value
of the 10.5 acre and 7.5 acre parcels.

 The trial court has wide discretion in denying a motion for new trial, and its action
will not be disturbed on appeal absent a showing of abuse of discretion. Welkener v.
Welkener, 71 S.W.3d 364, 366 (Tex. App.-Corpus Christi 2001, no pet.). It is well settled
that it is the responsibility of the parties to a suit to produce evidence of the value of
various properties in order to provide the trial judge with a basis upon which to divide the
community property. LeBlanc v. LeBlanc, 761 S.W.2d 451, 453 (Tex. App.-Corpus Christi
1988), aff'd, 778 S.W.2d 865 (Tex. 1989). In the absence of fraud, a party is bound by the
acts of his attorney as if he were acting for himself, and this Court will not set aside the
judgment based on his attorney's mistakes. Malooly Brothers, Inc. v. Napier, 461 S.W.2d
119, 121 (Tex. 1970); Sandoval v. Rattikin, 395 S.W.2d 889, 893 (Tex. Civ. App.-Corpus
Christi 1965, no writ).

 Maria had several months to prepare for trial. However, she failed to have the two
parcels of land professionally appraised before trial. Maria cannot now complain that she
deserves a new trial because she failed to have the property appraised by a professional
real estate appraiser before trial. We conclude the trial court did not abuse its discretion
in denying Maria's motion for new trial. Maria's third issue is overruled.

 The trial court's final decree of divorce is affirmed.



 FEDERICO G. HINOJOSA

 Justice



Memorandum Opinion delivered and filed this

the 17th day of August, 2006.